# Court of General Sessions of the Peace and Jail Delivery.

---

THE STATE *v.* WATSON CHIPPEY.

*Carrying Concealed Deadly Weapon.*

In order to convict for carrying concealed a deadly weapon, it must appear that the carrying of the weapon was not accidental or temporary or in a legitimate manner, but was being carried as a deadly weapon.

*(New Castle, September, 1892.)*

INDICTMENT for carrying concealed a deadly weapon. (The facts appear in the charge of the Court below.)

*Branch H. Giles,* Deputy Attorney General, for the State.

*William S. Hilles,* for the defendant.

CULLEN, J., charging the jury:

*Gentlemen of the Jury:*—Watson Chippey stands charged in this indictment with the violation of the statute against carrying concealed a deadly weapon. It is necessary, gentlemen, for us to say to you that this indictment is under a special statute which has been passed by the Legislature for a very wise and useful purpose; and in order that you may understand this case, it becomes necessary for the Court to put a construction upon that statute.

Every statute has some purpose and meaning. The object of this statute is to prevent the carrying of concealed deadly weapons about the person; because, persons becoming suddenly angered and

having such a weapon in their pocket, would be likely to use it, which in their sober moments they would not have done, and which could not have been done had not the weapon been upon their person.

In order that a person may be convicted under this statute, the spirit and intent of the statute must be violated. Where a person, for instance, in walking along the road picks up a pistol and puts it in his pocket, or if a man buys a pistol, puts it in his pocket and carries it home—the act never contemplated that he would be guilty of carrying concealed a deadly weapon, because this is not so carrying a deadly weapon. The mere fact of the person's putting it in his pocket and carrying it home is not a violation of this statute.

You have heard the testimony, and from that testimony you must make up your minds whether or not this person is guilty. In the intent and meaning of the statute, was the person carrying concealed a deadly weapon? Was he doing it as a matter of habit? Was he concealing the weapon which he would be likely to use, which the statute is intended to prevent?—those are matters for you to determine.

There is testimony (if you believe it) that this person was not the owner of the pistol; that it came into his possession under peculiar circumstances; that it was taken from another person and given to him; that he intended to keep this weapon and restore it to its owner. In other words, the weapon was but for a few minutes in the possession of the person,—not with the intent of carrying concealed the deadly weapon, but with the intention of keeping the weapon, which for the time being was necessarily kept in his pocket. If you believe that testimony, then, under the provisions of this statute, he was not carrying concealed a deadly weapon, for the time being. If a man is drunk and is likely to do some violent act, and you take his pistol from him and thrust it in your pocket, and while grappling with him, he having hold of you and you trying to get loose, a man comes up to you and takes it from

you,—you are not, according to the meaning and spirit of this act, carrying concealed a deadly weapon. If you believe this testimony offered here, then this person cannot be convicted.

If, on the other hand, you believe from the testimony adduced on the part of the State that this man had this pistol—it matters not where it came from; if he goes to a store and buys a pistol, not for the purpose of carrying the pistol home, but buys it and puts it in his pocket with the intention of carrying it, and is found there with that pistol upon him and that with the intention of concealing it, then he is carrying concealed a deadly weapon. But you must take the facts and circumstances into consideration, and according to its meaning, make an application of this statute to them. This case presents just that state of facts exactly; and we have given you the interpretation to be placed upon this statute.

If there should be any doubt in your minds—any reasonable doubt—as to the person's being guilty of this offence, then he would, of course, be entitled to the benefit of the doubt.*

Verdict: " Not guilty."

————•————

*NOTE:—The above decision was approved by the full Court—the new members thereof being Chief Justice Lore and Judge Marvel—in the case of the *State v. John Cullen*, similarly indicted (in the Court of General Sessions, in and for New Castle County), at November term, 1893.