## KENDALL *v.* STATE.

### (*Nashville.* December Term, 1906.)

1. **CARRYING WEAPONS. Must be with intent to go armed. Need not be concealed about the person.**
   The act forbidden by Shan. Code, sec. 6641, is the carrying of any of the weapons named therein with the intent of going armed, and, with the exception of the razor, it is not necessary, in order to constitute the offense, that the weapon be carried concealed about the person.

   Code cited and construed: Sec. 6641 (S.); sec. 5533 (M. & V.).

   Cases cited and approved: Barton v. State, 7 Baxt., 105; Robinson v. State, 3 Shan. Cas., 60.

2. **SAME. Same. Same. Case in judgment.**
   One who, with the intent of going armed, carries a pistol in a box or compartment beneath the driver's seat of a hack, upon which he sits, and where the pistol is readily accessible and available for use, is guilty of unlawfully carrying weapons.

---

### FROM DAVIDSON.

---

Appeal from Criminal Court of Davidson County.— W. M. HART, Judge.

W. C. CHERRY, for Kendall.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

Special Judge R. H. SANSOM delivered the opinion of the Court.

Plaintiff in error was indicted in the criminal court for Davidson county for carrying a pistol unlawfully. He was tried before the judge without a jury, and found guilty, and a fine assessed of fifty dollars and costs against him. His motion for a new trial having been overruled, he has appealed to this court.

The facts are very simple, and consist of a short statement by a single witness, from which it appears that plaintiff in error was a hack driver, and that on the 20th of September, 1905, in Nashville, Davidson county, Tennessee, he became involved in a difficulty with one Perry Cotton, who, with a large stick, attacked him, and either struck or struck at him several times with the stick; plaintiff in error being at the time seated on the driver's seat of the hack. While Cotton was so striking or striking at him with his stick, plaintiff in error arose from the seat, lifted up the top thereof, and, reaching into a box or compartment under it, drew forth a pistol which he had previously placed there, and with this pistol fired one shot at Cotton, his assailant, who thereupon ran, and plaintiff in error then replaced the pistol in the box or compartment under the seat from which he had drawn it. These are the entire facts as disclosed by the record.

The insistence is that, under the facts stated, plaintiff in error is not guilty of the offense with which he is charged and of which he had been convicted, and the

judgment should therefore be reversed, and the case dismissed. The presentment is predicated on section 6641 of Shannon's Code, which reads as follows:

"It shall not be lawful for any person to carry publicly or privately any dirk, razor concealed about his person, sword cane, loaded cane, slungshot or brass knucks, Spanish stilletto, belt or pocket pistol or revolver, or any kind of pistol, except the army or navy pistol, usually used in warfare, which shall be carried openly in the hand."

The offense against the law under this enactment is the carrying of any of the forbidden weapons with the intent of going armed. The law may be violated just as fully and completely by the carrying of the weapon in his handbag as in his pocket. It is the carrying with the purpose of going armed that is the offense, and not the concealment about the person, with the single exception of the razor. This must be concealed about the person in order to constitute a violation of the terms of the statute for its carrying. It is the practice of going armed that is purposed to be corrected and prohibited. by this salutary legislation, a practice the lawmaking branch of the government purposed and intended in the passage of this act to stop as far as possible, and which laudable purpose the courts of the State should uphold and sustain by a fair and impartial, but full and complete, administration of the law.

It has been held that the carrying of a navy pistol in a scabbard hung to the saddle while riding along a

Kendall v. State.

public road is a violation of this statute. *Barton* v. *State,* 7 Baxt., 105. Likewise that the carrying of a pistol in a sack in the hand is within the statute, if so carried with the intent to go armed. *Robinson* v. *State,* 3 Shan. Cas., 60. It is within the statute, and indictable, to carry any kind of a pistol (except an army or navy pistol, openly in the hand) in any way, whether concealed about the person, or openly in the hand, or in a handbag, or in a sack, or in the box or compartment beneath the seat of a vehicle being used, or otherwise, for purposes of going armed, where the weapon is being so carried as that it is readily accessible and available for use in the carrying out of purposes either offensive or defensive. The idea seems to obtain that the weapon must be concealed about the person in order to constitute a violation of the statute, but such is not the case, except in respect of the razor.

There is no error in the judgment of the lower court, and it is affirmed, with costs.