MARY E. LIVESEY, APPELLANT, v. PHILIP HELBIG,
RESPONDENT.

Submitted December 7, 1914—Decided April 22, 1915.

1. In an action for malicious prosecution the trial judge in charging
the jury upon the subject of plaintiff's claim for punitive dam-
ages, said that "Manifestly, large damages, so far as the evidence
in the case indicates, would be entirely out of the question and
entirely improper." The jury having rendered a verdict in favor
of the defendant of not guilty, it was *held* that the instruction
was harmless to the plaintiff.
2. *Held*, also, that such charge was within the discretion of the trial
judge, and was not an erroneous usurpation of the province of
the jury.
3. A person who carries a dangerous weapon concealed in a satchel
in his hands, has it about his person within the meaning of the
statute concerning the carrying of dangerous weapons concealed
in or about his clothes or person (chapter 225 of laws of 1912),
although such weapon is not in or about his clothes.

---

On appeal from the Supreme Court.

For the appellant, *Alexander Simpson*.

For the appellee, *Addison Ely*.

The opinion of the court was delivered by

VREDENBURGH, J. This is an action for the recovery of
damages for a malicious prosecution. The plaintiff alleges
that defendant instituted a criminal prosecution against her

upon a false and malicious charge of carrying a dangerous weapon concealed in or about her clothes or person, and avers that there was no reasonable or probable cause for such charge.

The prosecution was initiated by a written complaint made by the defendant against the appellant before a justice of the peace charging her with unlawfully carrying (on an occasion of a dispute between them respecting the location of a line fence) a revolver concealed in a satchel held in her hands in violation of the statute of this state (chapter 225 of laws of 1912).

The evidence at the circuit trial showed that in pursuance and by virtue of a warrant of arrest, issued upon this complaint, an officer arrested the appellant, and compelled her to appear in response to the process, before a justice of the peace at a long distance from her home.

Special injury is claimed to have resulted to her health in consequence of exposure to rain, and of the other circumstances of the arrest.

It appeared in evidence that no indictment had been found by the grand jury upon the complaint and that the prosecution had ended. The trial of the present civil action resulted in a verdict in favor of the defendant of not guilty, and the appellant has appealed from the judgment entered thereon. Her only grounds of appeal rest upon two alleged erroneous instructions given by the court to the jury, and it is to these alone that appellant's counsel attributes the adverse verdict.

The first of these relates to an instruction regarding the assessment of damages. The court having charged that if the jury should find in favor of the plaintiff she was entitled to adequate compensation for the injury sustained by her including loss of time, peril to life and liberty, injury to fame, reputation, character and injury to health, mental suffering and general impairment of social and mercantile standing, actual loss and injury to property, interest and credit, decrease in earning capacity and all losses sustained in business, next considered the question of punitive damages, and

left it to the jury to find whether they should be allowed, and in this connection used the language complained of, as follows:

"Manifestly, large damages so far as the evidence in this case indicates, would be entirely out of the question and entirely improper."

Without pausing here to consider whether this precautionary warning by the judge was any usurpation of the province of the jury, it is manifest that in this instance, as it eventuated, the instruction became entirely harmless. By no process of reasoning could the judge's limiting the jury to find a *small* amount of damages induce their finding *no* damages *at all.* What was said by him as to the measure of damages was immaterial unless the jury *first* found in favor of the plaintiff. If they had found a small sum, or made an assessment of any damages whatever, then, and not until then, would the question have been of moment in the minds of the jury as to whether or not, under the evidence, large damages should be awarded the plaintiff.

This court must assume from the record of the verdict of not guilty, that the subject of the quantum of damages was neither reached nor entertained by the jury. But we think the above-quoted instruction was not an abuse of discretion committed by law in the trial judge.

The case does not seem to have been one demanding great severity of judgment in damages. The real controversy before the jury turned upon the question whether the defendant had maliciously and without reasonable or probable cause instituted the prosecution. Both malice and want of probable cause were essential to support the action against the defendant. The court left both of these questions, without objection, to the jury. *Miller* v. *Lai,* 77 *N. J. L.* 135, and cases there cited.

In such cases where punitive damages are claimed the judge is properly vigilant to guard against possible verdicts of excessive damages, because the judge's duty does not end with the verdict. If once rendered it becomes his further duty to set it aside upon application by the injured party.

The expense and delays of such additional litigation justify the court's watchful endeavor to forestall the rendering of verdicts for extravagant amounts of damages.

The other instruction complained of was directed at the question of defendant's *liability*. The language used was as follows:

· "If you shall conclude that he saw what a reasonable prudent and cautious man would have been led to believe was a revolver in the woman's satchel at the time and place when he says he saw a revolver there, and· relying upon what he believed to be knowledge that this woman did possess this revolver in violation of the statute concerning concealed weapons, he made his complaint, it would excuse him, because the presence of reasonable and probable cause is a defence and would absolve him from any liability on that account."

It is insisted that this instruction is incorrect for two reasons. First, that the carrying of a revolver in a satchel is not within the prohibition of the statute which only prohibits having a weapon concealed on or about one's clothes or person.

But we think that a person who carries a weapon concealed in a satchel held in his hands, has it about his person, within the meaning of the statute, although it is not in or about his clothes. This instruction was free from error.

If a reasonable and prudent person would have *thought* that what he saw was a revolver, he would be justified in making the complaint whether it was in fact a revolver or not. The trial judge, however, had previously properly left to the jury the question of whether or not they believed from the evidence the complainant saw such weapon.

The other objection is that this instruction disregards the proviso of the statute permitting any person to keep weapons on his own premises. We think appellant's assumption that there was some proof that plaintiff was upon her own land at the time of the commission of the offence charged against her of carrying the revolver has no support in the testimony, and therefore the question of the proper construction of the proviso of the statute in that regard does

not arise. But if there be evidence that would justify a jury in so finding, the instruction was not erroneous because an examination of the judge's language will show that the proposition of law was expressly predicated on a finding that would be justified by other evidence that the plaintiff was where defendant testified she was, to wit, on the property of Charles Halzlein, and not on her own.

The judgment under review should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, WILLIAMS, JJ. 13.

*For reversal*—None.