13021.  STEVENS v. THE STATE.

LUKE, J.  The evidence in this case fully authorized the conviction of the
defendant and the verdict has the approval of the trial judge.  For no
reason assigned was it error to overrule the motion for a new trial.
    *Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.*
                    DECIDED JANUARY 17, 1922.

Accusation of carrying pistol wihtout license; from city court of
Bainbridge — Judge Spooner.  October 10, 1921.
    *Hartsfield & Conger,* for plaintiff in error.
    *M. E. O'Neal, solicitor,* contra.

─────────────

13026.  HAYES v. THE STATE.

BROYLES, C. J.  It was not a violation of the act of 1910, penalizing the
carrying of a pistol on or about one's person, or having a pistol in his
manual possession outside of his own home or place of business (Park's
Ann. Code, Vol. 6, § 348 (a) ), for the owner of a pistol, while driving a
horse and buggy, to have the pistol under the seat of the buggy where
it was not in contact with his hands or any other portion of his person.
Under this ruling the defendant's conviction was unauthorized by the
evidence, and the court erred in overruling the motion for a new trial.
    *Judgment reversed.  Luke and Bloodworth, JJ., concur.*
                    DECIDED JANUARY 17, 1922.

Accusation of carrying pistol without license; from city court of
Fort Gaines — Judge Turnipseed.  October 10, 1921.

The sheriff testified that the pistol was found in the pocket of a
coat which was rolled up and was under and near the front of a
seat in the defendant's buggy, which the defendant had just left
at a livery stable, and that the defendant said that the coat was his
coat and the pistol was his pistol.
    *E. R. King,* for plaintiff in error.
    *P. C. King, solicitor,* contra.