O’NIELL, C. J.
 

 The appellant was convicted of the offense of carrying a concealed weapon on or about his person, in violation of the Act 43 of 1906, p. 58. The statute declares that whoever shall carry a weapon “concealed on or about- his person” shall, on conviction, be fined or imprisoned, etc. The case was submitted on a statement of facts, agreed to by the district attorney and the attorneys for the defendant, leaving nothing for decision except a clear-cut question of law. The weapon, being a pistol belonging to the defendant, was in the pocket attached to the inside of the left front door of his automobile, immediately beside the seat that he occupied while driving the car, and within easy reach, though the flap was down over the pocket. The pistol was never concealed until it was placed in the pocket on the inside of the door of the automobile. The defendant’s attorneys asked the judge to charge or maintain as a proposition of law that a weapon carried concealed in that way was not-carried “concealed on or about the person,” in the meaning of the law. The judge ruled that the weapon was carried concealed on or about the person, and the defendant’s attorneys excepted to the ruling. The question was propounded again in á motion for a new trial, with the same result. ■
 

 The same question was presented in a way, but was not decided, in State ex rel. Eernandez et al. v. Perez, Judge, 151 La. 526, 92 So. 45, where it was contended' that the judge had refused to maintain that two pistols carried in an automobile in which the two defendants were riding were not carried concealed -on or about the person. We found that the judge had not ruled that the pistols, while in the automobile but not on the person of the defendants, were being carried concealed on or about the person, but that he had concluded from all of the circumstances of the arrest of the defendants that they had had the pistols concealed on or about their person and had disarmed themselves immediately before they were arrested. The only- question was whether the evidence was sufficient to justify the conclusion that the defendants had carried the weapons concealed on or about their person; as to which question, of course, this court had not jurisdiction. In the course of the opinion rendered in the case, it was said that, if the defendants had been convicted merely for having the pistols in the automobile which they were driving, and not on their person, the case would be subject to review.
 

 There is a difference of opinion on the question in other jurisdictions. In Alabama the carrying of a pistol in the saddlebags of a person riding horseback is not a violation of the statute against carrying a weapon concealed on or about the person. See Cunningham v. State, 76 Ala. 8S. In Virginia, having a pistol in a pair of saddlebags carried in the hand is not a violation of the statute (Acts 1908, p. 381) declaring:
 

 “If any person carry about his person, hid from common observation, any pistol, * * * he shall be fined,” etc.
 

 See Sutherland v. Commonwealth, 109 Va. 834, 65 S. E. 15, 23 L. R. A. (N. S.) 172, 132 Am. St. Rep. 949. In Tennessee, a gun carried in a scabbard on the saddle of a person riding horseback is held to be concealed on or about his person. See Barton v. State, 7 Baxt. (66 Tenn.) 105. In North Carolina, car
 
 *905
 
 rying a pistol in a dinner basket in a vehicle is a violation of the Code, § 1005, prohibiting the carrying of a weapon “concealed about the person.” See State v. McManus, 89 N. O. 555. In that case, Mr. Justice Merrimon, for the court, called attention to the peculiar language of the statute thus:
 

 “The language is not ‘concealed
 
 on
 
 his person,’ but ‘concealed
 
 about
 
 his person.’ ”
 

 In Alabama (Ladd v. State, 92 Ala. 58, 9 So. 401), in Missouri (State v. Mulconry [Mo. Sup.] 270 S. W. 375) and in Texas (Garrett v. State [Tex. Cr. App.] 25 S. W. 285; Hill v. State, 50 Tex. Cr. R. 619, 100 S. W. 384; Leonard v. State, 56 Tex. Cr. R. 84, 119 S. W. 98; Mayfield v. State, 75 Tex. Cr. R. 103, 170 S. W. 308; Wagner v. State, 80 Tex. Cr. R. 66, 188 S. W. 1001; Emerson v. State, 80 Tex. Cr. R. 354, 190 S. W. 485; Roberson v. State, 88 Tex. Cr. R. 587, 228 S. W. 236; 1 ..ulk v. State, 97 Tex. Cr. R. 415, 261 S. W. 779; and Welch v. State, 97 Tex. Or. R. 617, 262 S. W. 485), the carrying of a weapon concealed in a vehicle, though not on the driver’s person, is a violation of the law against carrying a w.eapon concealed on or about the person. It is not so in Kentucky (Commonwealth v. Sturgeon, 37 S. W. 680, 18 Ky. Law Rep. 613), or in Georgia (Hayes v. State, 28 Ga. App. 67, 110 S. E. 320), or in South Carolina (State v. Weston, 108 S. C. 383, 94 S. E. 871). In Commonwealth v. Sturgeon, the pistol was carried in a satchel in a wagon, in which several persons were riding, and the ruling was based upon the want of proof that the defendant owned the satchel. Whether the ruling would have been different if it had been proven that the defendant owned the pistol or the satchel was not determined.
 

 The difference of opinion in the cases cited is in the meaning of the term “on or about the person.” In Tennessee, North Carolina, Missouri and Texas, the words “on” and “about,” in the expression “on or about the person,” are held to be not convertible terms, but to have quite different meanings; the word “on” meaning attached to, and the word “about” meaning in close proximity to, or in easy reach of. In Alabama, Virginia, Kentucky, Georgia and South Carolina, the expression “on or about the person” is held to have only its commonplace meaning, in which the words “on” and “about” are interchangeable or synonymous terms. Our opinion is that the latter idea is the one which the Leg-' islature, most likely, had in mind. When it is said in ordinary parlance that a person had a document or a sum of money or a weapon on or about his person, we never think of analyzing the expression, or wonder whether the document, money or weapon was really on the person or only in close proximity to or in easy reach of the person. A safe rule of interpretation of statutes is to give to commonplace terms their most usual and ordinary meaning; and the safest of all rules, in the construing of criminal statutes of doubtful meaning, is to resolve the ambiguity into the milder construction, in favor of the party accused.
 

 The conviction and sentence are annulled, and the defendant is ordered discharged.
 

 OVERTON, LAND, and THOMPSON, JJ., dissent.