## Avery v. Commonwealth.

(Decided February 21, 1928.)

Appeal from Boyd Circuit Court.

1. Weapons.—Evidence of single witness as to seeing pistol fall from hip pocket of defendant onto pavement held to make question for jury as to defendant's guilt of carrying concealed weapon under Ky. Stats., sec. 1309, though testimony of numerous other witnesses was conflicting.

2. Criminal Law.—In prosecution for carrying concealed weapons under Ky. Stats., sec. 1309, based on evidence that pistol fell from defendant's hip pocket, refusal of instruction defining the word "concealed" held not error, since "concealed" is a word of ordinary meaning which is generally and universally understood, though under certain circumstances definition thereof might possibly be necessary.

3. Weapons.—To constitute the offense of carrying concealed weapons, denounced by Ky. Stats., sec. 1309, it must be established that the person accused was carrying the weapon, that it was "concealed," that it was "deadly," and that it was "upon or about" his person; to "carry" weapon means that it must be on the person, or so connected or annexed to the person that the weapon is carried along as the person moves.

4. Weapons.—If a weapon is in the pocket or in the clothing of a person, or if it is in some receptacle attached to or carried by the person as he moves, he is guilty of carrying a weapon, within meaning of Ky. Stats., sec. 1309, denouncing the crime of carrying a concealed weapon.

5. Weapons.—To establish that weapon carried is "concealed," within meaning of Ky. Stats., sec. 1309, defining crime of carrying concealed weapons, it must appear that one coming in contact with person carrying weapon could not in customary and ordinary methods of social contact observe the weapon; the term "con-

cealed" not requiring that weapon be so hidden as to permit discovery only by person making special investigation.

6. Weapons.—In prosecution under Ky. Stats., sec. 1309, for carrying concealed weapon, in which evidence was conflicting as to whether weapon fell out of hip pocket of defendant standing at some distance from automobile, or whether it fell from automobile in which it was not claimed to have been concealed, failure of court to instruct jury that defendant was not on trial for having pistol concealed in automobile, and that he could be found guilty only in event that he had the pistol concealed on or about his person, held error.

7. Criminal Law.—In prosecution for carrying concealed weapon, based on testimony as to falling of pistol from defendant's pocket at time he was engaged in scuffle with another person, permitting cross-examination as to whether defendant was intoxicated on that occasion and paid a fine for being drunk, held error.

WILSON & ROBINSON for appellant.

JAMES W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellant was seen in an alley in the city of Ashland talking with other people. A witness for the commonwealth testified that appellant was engaged in some scuffle or fight with another person when witness saw a pistol fall out of his hip pocket. Witness was some distance away, but he was positive in his statement that the pistol fell out of the right hip pocket of appellant onto the brick pavement. The witness proceeded to the point where he had seen the pistol fall and picked it up, examined it, found that it was a 32 Colt's automatic, loaded, and in good condition. Appellant had his coat on at the time. He was standing a few feet from an automobile when the witness saw the pistol fall out of his pocket. Only one witness testified for the commonwealth, but his evidence was sufficient to take the case to the jury on the question as to whether appellant carried concealed a deadly weapon upon or about his person. It is true, the witness did not state in so many words that the weapon was concealed, but he did state that the pistol fell from appellant's right hip pocket. The jury was authorized by the evidence to find appellant guilty.

A number of witnesses testified for appellant, and he as well as the others, denied in most positive terms that the pistol fell from his pocket, or that he had it in

his pocket. Appellant had driven with some other people to the point in the street where the automobile stopped, and where the witness for the commonwealth testified to seeing the pistol. A young man in the automobile went to a house to get a suit of clothes to take to the cleaners, and as he returned and opened the door to the automobile the pistol fell out onto the pavement. This is the effect of the testimony of all the witnesses for appellant. The jury chose to believe the evidence of one witness as against the others, so it appears, and found the appellant guilty.

Appellant complains about the instructions of the court in that they did not advise the jury as to the meaning of carrying concealed a deadly weapon upon or about the person. He asked for such an instruction. He argues that the jury may have convicted him under the instruction given upon the belief that having the pistol in the automobile was carrying it upon or about his person. He offered a number of instructions presenting what he conceived to be his theory of the case. One of the instructions offered was an atempt to define the word "concealed." An instruction defining the word "concealed" appears to us to be unnecessary as it is a word of ordinary meaning, and that meaning is general and universally understood. It might be that circumstances could exist in a case where the court would be called upon to define what was meant by the word "concealed," but no such circumstances existed in this case.

In the case of Williams v. Commonwealth, 37 S. W. 680, 18 Ky. Law Rep. 663, this court had before it a state of facts similar to the facts now before us. In that case the offender pulled a pistol and pointed it at the witness. The witness did not see the pistol until he turned around and pulled it. The offender had on a coat. The court there said:

> "To 'conceal,' as the word is defined by lexicographers, according to the common and approved usage of language, and therefore in proper meaning of the statute, is to hide, secrete, screen, cover. And adopting that meaning of the term, which is the only one we are authorized to accept, we think the verdict of the jury in this case is not simply contrary to the weight of the evidence, but is totally without any evidence, direct or circumstantial, to support it."

The court then continued:

"The fact that witness, being behind him, did not see the pistol until appellant turned around, does not show or tend to show that he had it hid or secreted. On the contrary, considering the size of the pistol, absence of a vest, the purpose for which the boys went on witness' place, which was to hunt, it is plain that the pistol was not, nor could have been concealed, but was stuck in appellant's belt, where a person in front of him could and would necessarily see it."

It is true in this case, the witness for the commonwealth did not say that the pistol was concealed, but the fact that it was in the right hip pocket of appellant and that appellant had on a coat was a circumstance from which the jury could infer that the pistol must have been concealed.

There was no error in refusing to give the instruction defining what was meant by the word "concealed."

The best definition of what is meant by carrying a deadly weapon concealed is found in the case of Driggers v. State, 123 Ala. 46, 26 So. 512. The court there said:

"It may be said generally that the meaning is, the pistol must be open to the ordinary observation of persons who may come in contact with the person carrying it in the usual and ordinary associations of life. If a person with a pistol on his person approach another or pass him on the street or public highway, or is otherwise thrown with the other in ordinary social contact, has the pistol on his person so that it may be seen without inspection or examination of his person for that purpose and from ordinary observation as persons usually observe each other, then the pistol is not concealed within the meaning of the statute. On the other hand, if the pistol is carried on the person under such conditions that it is hidden from view from the observation of persons coming in contact with the person carrying it, casually observing his person, this is a concealment and in violation of the statute."

In the case of Robinson v. Commonwealth, 207 Ky. 53, 268 S. W. 840, this court held that a pistol carried in the pocket is concealed within the meaning of the statute

prohibiting the carrying of concealed weapons, although the shape of the pistol could have been seen through the pocket clearly enough to have identified it.

We think that appellant is directing his complaint more at the meaning of the words "upon or about his person." To constitute the offense denounced by section 1309, Ky. Stats., it must be established that the person was "carrying" the weapon; that it was "concealed;" that it was "deadly;" that it was "upon or about" his person. When these elements are established, guilt has been established unless, perchance, the deadly weapon is an ordinary pocket knife. To "carry" the weapon means that it must be on the person or so connected or annexed to the person that the weapon is carried along as the person moves. If it is in the pocket or in the clothing of the person, or if it is in some receptacle attached to or carried by the person as he moves, he is carrying the weapon. To establish that it is concealed, it must be shown that any one coming in contact with the person as is customary in the ordinary methods of living in society would not observe the weapon. "Concealed" does not mean that it must be so hidden that it can only be discovered by a person making a special investigation to ascertain whether the person has such a weapon. It is sufficient if it is so concealed that it would not be observed by persons making ordinary contact with him in associations such as are common in the everyday walks of life.

In this case there is no evidence showing that appellant was in the automobile at the time the pistol fell out, and the witness for the commonwealth stated that when he saw the pistol fall appellant was about eight feet from the automobile. No one testified that the pistol was concealed in the automobile. The court should have admonished the jury upon the facts in this case that appellant was not upon trial on a charge of having the pistol concealed in the automobile, and that the jury should find him guilty only in the event they believed in accordance with the instruction that he had the pistol concealed upon or about his person as detailed by the witness for the commonwealth.

In the case of State of Louisiana v. Charles Brunson, 162 La. 902, 111 So. 321, 50 A. L. R. 1531, the Louisiana Supreme Court, in defining the words "on or about his

person," pointed out the variant conclusions reached by different courts. In that case the Supreme Court of Louisiana placed Kentucky among the states where it had been held that the word "upon" and the word "about" were used synonymously and were convertible terms. We do not find any case in Kentucky that would justify its being placed on that side of the question. The case of Commonwealth v. Sturgeon, 37 S. W. 680, 18 Ky. Law Rep. 613, does not so hold. In that case Sturgeon was charged with carrying a pistol concealed in a satchel in a wagon in which several persons were riding. The court reversed the case on the ground that there was no proof showing that Sturgeon owned the satchel without indicating what would have been the ruling if the proof had established that the satchel was his.

We are not called upon to decide in this case whether it would be a violation of the statute for a man to have concealed a deadly weapon in his automobile in close proximity to his person and we must decline to pass on that question.

One of the complaints made by appellant is that the court admitted, over his objection, incompetent evidence. On the cross-examination of appellant, these questions were asked and answered, over the objections of appellant:

"Q. Have any moonshine along for emergency? A. I keep it at home account of my wife is liable to need it.

"Q. You were intoxicated on this occasion, were you not? A. No, sir; I was not.

"Q. Didn't you plead guilty and pay a fine of $25 for being intoxicated at the term of court? You paid a fine at the term of court—in this court for being drunk on that occasion? A. Yes, sir."

This evidence was incompetent and prejudicial and should have been excluded by the court. Barnes v. Commonwealth, 219 Ky. 38, 292 S. W. 492.

Appeal granted, judgment reversed, and cause remanded for proceedings consistent with this opinion.