OVERTON, J.
This case was first before us on an appeal, bearing the number 29621. 120 So. 584.[1] The appeal was dismissed on the ground that the sentence imposed was not sufficient to vest this court with jurisdiction. Following the argument in the ease, a writ of certiorari was granted, on the application of defendant, to review the case. It is this writ that is now before us.
The question presented is whether a given state of facts constitutes the offense, denounced by Act No. 43 of 1906, of one’s carrying a dangerous weapon concealed, as expressed in the act, “on or about his person.” The question presented is, therefore, one purely of law.
It appears that, on the morning following an altercation between the wife of the accused and the wife of another, the accused, before leaving home to go to work in a rice field, took his pistol, wrapped it up in an old apron, and then placed it, with his lunch and other things, in a knapsack which he carried to work with him. Just how he carried the knapsack, did not appear from the evidence, but the court found, and the finding is not contested, that he necessarily carried it either in his hand or hanging by his side, strapped over one shoulder. At noon on that day, he went as he was accustomed,' to eat his lunch under a large pecan tree near the rice thresher. He took the pistol, still- wrapped in the apron, from the knapsack, and laid it near the tree. While the accused was under the tree the husband of the woman with whom the wife of the accused had quarreled appeared and engaged the accused in a discussion about the previous day’s difficulty between their wives. The accused then picked up the pistol, still wrapped up, from the place where it was near the tree, and later used it in the difficulty with the man who had appeared.
In the recent case of State v. Brunson, 162 La. 902, 111 So. 321, 50 A. L. R. 1531, it was held by a majority of the court that the word “on” and the word “about,” occurring in the phrase, “concealed on or about his person,” found in the statute of this state, denouncing the offense here charged, are interchangeable and synonymous. In short, it was held, in effect, that “about,” in that phrase, was equivalent to “on.” Beyond that ruling, however, the case is not pertinent here. The facts are unlike those in the present case. There, the accused had a pistol concealed in the pocket attached to the inside of the left front door of the automobile he was driving, and it was there held that the pistol could *58 not be said to have been concealed on tbe person of the accused, but elsewhere than on his person, that is to say, in the pocket, attached to the automobile door, and, therefore, that the statute had not been violated.
In the' ease at bar, the accused was carrying the pistol, wrapped in an apron in a knapsack that was carried in his hand or suspended from his shoulder by means of a strap. The locomotion' of the body of the accused, therefore, necessarily carried the pistol with it. In our view, whether the accused carried the knapsack suspended from his shoulder or carried it in his hand, with the pistol concealed-in it, there was a carrying of the pistol concealed on the person within the contemplation of the statute, and, the act having been knowingiy done, the statute was violated. It may be said, so far as it may affect the case, that the weapon, while so carried, was not difficult of access.
For these reasons, the conviction and the sentence are affirmed.

 167 La. 883.