## Commonwealth v. Nunnelley.

(Decided Jan. 24, 1933.)

BAILEY P. WOOTTON, Attorney General, and J. S. SANDUSKY, Commonwealth's Attorney, for the Commonwealth.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—Certifying the law.

On October 9, 1932, the appellee Charlie Nunnelley was observed driving an automobile about the streets of Somerset in an intoxicated condition. The officers of the law becoming aware of this situation pursued him for the purpose of arresting him. When they came up upon him, they found him with his car parked by the side of the road. Nunnelley had gotten out of his car and was fooling with the engine. They arrested him, and, being of the opinion that perhaps he had intoxicating liquors in his car, they proceeded to search it. Underneath the front seat of the car they found a loaded revolver. Nunnelley was later indicted for the offense denounced by section 1309 of the Statutes, which, so far as pertinent, reads, "If any person shall carry concealed a deadly weapon upon or about his person," he shall be punished as that section prescribes. On his trial, the facts disclosed being as above outlined, the court at the close of the commonwealth's case on motion of the appellee peremptorily instructed the jury to find him not guilty, which it did. The commonwealth has appealed for the purpose of having the law certified.

Whether or not under a statute reading like the quoted portion of ours one may be convicted under facts similar to those detailed above is much disputed; the authorities being in great conflict, as may be seen from reading the note in 50 A. L. R. 1534. See, also, the note in 23 L. R. A. (N. S.) 173. In the case of Commonwealth v. Sturgeon, 37 S. W. 680, 18 Ky. Law Rep. 613, the facts were that a loaded pistol was found concealed in a satchel in a wagon in which several persons were riding. The evidence not showing to whom the pistol belonged, we held that the court should have instructed the jury to find the person charged with carrying such pistol not guilty. In the case of Avery v. Commonwealth, 223 Ky. 248, 3 S. W. (2d) 624, 626, the proof for the commonwealth was to the effect that a loaded revolver was seen to fall out of appellant's pocket. He claimed, however, that the revolver did not fall from his pocket, but that he had been riding with some other people in an automobile from which he had alighted to go into the house to get a suit of clothes to take to the cleaners, and as he returned and opened the door of the automobile, the pistol fell out on the pavement. Although the court in that opinion said

that it declined to pass on the question whether it would be a violation of our statute for a man to have concealed a deadly weapon in his automobile in close proximity to his person, we did say that the court under the facts of that case should have admonished the jury that appellant was not upon trial on a charge of having the pistol concealed in the automobile, and that the jury should find him guilty only in the event they believed he had a pistol concealed upon his person as the commonwealth's witnesses claimed it was. In discussing the elements necessary to be established in order to procure a conviction under the statute, that opinion says that in the first place it must be shown that the accused person was carrying the weapon; secondly, that it was concealed; thirdly, that it was deadly; and, fourthly, that it was upon or about his person. In discussing these elements, the opinion says:

> "To 'carry' the weapon means that it must be on the person or so connected or annexed to the person that the weapon is carried along as the person moves."

The court observed that the Louisiana court in the case of State of Louisiana v. Brunson, 162 La. 902, 111 So. 321, 50 A. L. R. 1531, was in error in stating that this court had heretofore held that the words "on" and "about" in our statutes were synonymous. With these principles in mind, we are of opinion that the facts in this case clearly justified the court in peremptorily instructing the jury as it did. The pistol was under the seat of the automobile. It was not in such close proximity to the person of the accused as that he could have readily secured it and used it should occasion have arisen. He would have had to get out of the machine, raise the seat, and reach under to secure its possession, or at least have stood up in the machine in a very awkward position whilst he raised the seat under which the pistol lay. The pistol was not, therefore, in such close proximity to the person of the accused as that it could be said to be "on" or "about" his person; conceding arguendo that there need not be some physical connection between the weapon and the person—just such close proximity as that the weapon may be readily secured. In the second place, it is highly doubtful whether the accused was carrying the weapon within the meaning of that word as set out in the Avery Case.

Whilst it is true that both he and the weapon moved along as the machine moved, yet appellant could move and in fact at the time of his arrest had moved away from the place of rest of the pistol without its moving and further, it was not impossible for the machine to have moved off without control or under some one else's control, taking the revolver with it and the accused remaining stationary by the roadside or moving in some opposite direction. Such being our conclusions, we are of opinion that the facts disclosed no violation of the statute, and the court correctly instructed the jury as it did. The law is so certified.