## Hampton v. Commonwealth.

(Decided Dec. 7, 1934.)

(Dissenting Opinion Dec. 14, 1934.)

H. C. KENNEDY for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

Noble Hampton prays an appeal from a judgment sentencing him to imprisonment in the county jail for ten days and imposing a fine of $50 for carrying concealed a deadly weapon.

His automobile, a coupe type, was searched by a police officer who found a pistol, a Winchester rifle, and a black-jack concealed under some clothes. The weapons were on the shelf immediately behind appellant, who was seated in the car, and while they were not connected with, or attached to, his person in any way, they were readily accessible and available for use. Section 1309 of the Kentucky Statutes makes it an offense for any person to carry concealed a deadly weapon upon or about his person, other than an ordinary pocketknife. Appellant was charged with unlawfully carrying concealed upon or about his person a deadly weapon, to wit, a black-jack. He expressly waives all questions except the one whether or not carrying a deadly weapon in one's automobile, as the weapon in question was being carried, constitutes a violation of section 1309 of the Kentucky Statutes, and in support of his contention that the facts do not constitute a violation of the statute he cites the two domestic cases of Avery v. Commonwealth, 223 Ky. 248, 3 S. W. (2d) 624, and Commonwealth v. Nunnelley, 247 Ky. 109, 56 S. W. (2d) 689, 690, 88 A. L. R. 805; also the case of State v. Brunson, 162 La. 902, 111 So. 321, 50 A. L. R. 1531.

The precise question presented by the record before us was expressly reserved in each of the domestic cases cited. In the Avery Case a witness for the commonwealth testified that he saw a pistol fall out of the accused's hip pocket while he was engaged in a scuffle several feet from the automobile in which he had been riding. It was not claimed that the pistol was concealed in the automobile.

In the Nunnelley Case a pistol was found underneath the front seat of the accused's automobile. In holding that the trial court, under the facts of that case, properly directed the jury to find for the accused, it was said:

"The pistol was under the seat of the automobile. It was not in such close proximity to the person of the accused as that he could have readily secured it and used it should occasion have arisen. He would

have had to get out of the machine, raise the seat, and reach under to secure its possession, or at least have stood up in the machine in a very awkward position whilst he raised the seat under which the pistol lay. The pistol was not, therefore, in such close proximity to the person of the accused as that it could be said to be 'on' or 'about' his person; conceding arguendo that there need not be some physical connection between the weapon and the person—just such close proximity as that the weapon may be readily secured.''

In State v. Brunson, supra, the Supreme Court of Louisiana, three justices dissenting, held that a pistol in the pocket of an automobile beside the driver is not within the operation of a statute penalizing the carrying of a weapon ''concealed on or about'' one's person. In pointing out the conflict in the decisions on the question, the court listed Kentucky as one of the jurisdictions in which the words ''upon'' and ''about'' are construed as being used synonymously in the statute. The case of Commonwealth v. Sturgeon, 37 S. W. 680, 18 Ky. Law Rep. 613, was cited, but in the Avery Case it was pointed out the Sturgeon Case did not so hold.

In Hayes v. State, 28 Ga. App. 67, 110 S. E. 320, it was held that it was not a violation of the statute against carrying concealed a deadly weapon upon or about the person to have a pistol under the seat of a buggy in which one was riding, and in Sutherland v. Commonwealth, 109 Va. 834, 65 S. E. 15, 23 L. R. A. (N. S.) 172, 132 Am. St. Rep. 949, it was held that carrying a pistol in saddlebags with the lids closed was not a violation of the statute. The facts in these cases are similar to the facts in Commonwealth v. Nunnelley, supra, and, like it, neither of them is authority for the view that the words ''upon'' and ''about'' are interchangeable or synonymous terms. The case of State v. Brunson, supra, is the only one we have found in which it has been expressly decided, in construing a statute similar to ours, that to constitute a violation of the statute the weapon must be actually connected with, or attached to, the person.

The great weight of authority is to the effect that the words ''concealed upon or about his person'' means concealed in such proximity to the person as to be convenient of access and within immediate physical reach.

In Schraeder v. State, 28 Ohio App. 248, 162 N. E. 647, a pistol was concealed in the pocket attached to the inside of the left front door of an automobile and immediately beside the accused who was driving the car, and his conviction of the offense of carrying concealed a deadly weapon on or about his person was upheld.

In Porello v. State, 121 Ohio St. 280, 168 N. E. 135, 137, the Supreme Court of Ohio, referring to this and other decisions of the lower courts of the state, said:

> "It has been held in decisions of lower courts of this state that, while the word 'on,' in our statute prohibiting the carrying of concealed weapons on or about the person, means connected with or attached to, the word 'about' means nearby, or within reach of the person, and hence that a revolver hidden in the door of an automobile driven by the accused is concealed about the accused's person."

In the Porello Case the automobile of the accused was searched and a loaded revolver was found in the pocket of the left front door next to the driver's seat, and it was held that it was concealed about the person of the driver of the automobile within the meaning of the statute.

In Brown v. United States, 58 App. D. C. 311, 30 F. (2d) 474, 475, the accused was convicted of a violation of a statute which provided that any person who should within the District of Columbia have concealed about his person any deadly or dangerous weapon should be fined or imprisoned. A pistol in a scabbard was found under the seat of the automobile in which the accused was riding when he was arrested. In holding that the facts constituted a violation of the statute it was said:

> "As between an interpretation that will effectuate the obvious intent of our statute and one that will largely frustrate that intent, we unhesitatingly adopt the former. To rule that the weapon must be on the person would make possible the carrying of a deadly weapon concealed on the seat of an automobile, where it would be more readily accessible than it would be if concealed on the person. No such result is contemplated or permitted by the statute.

"We rule, therefore, that the words 'concealed about his person,' as used in the statute, were intended to mean and do mean concealed in such proximity to the person as to be convenient of access and within reach."

In Mularkey v. State, 201 Wis. 429, 230 N. W. 76, it was held to be a violation of the statute for a driver of an automobile to have a pistol concealed within his reach on the shelf back of the seat on which he was riding; and in State v. Conley, 280 Mo. 21, 217 S. W. 29, it was held that no matter where carried there is a violation of the statute if the weapon is carried in such close proximity to the accused as to be within his easy reach and convenient control.

In State v. Mulconry (Mo. Sup.) 270 S. W. 375, the weapon was concealed behind the accused on the seat of his automobile but within convenient reach, and his conviction was upheld.

Other cases to the same effect are Spears v. State, 112 Tex. Cr. R. 506, 17 S. W. (2d) 809; Welch v. State, 97 Tex. Cr. R. 617, 262 S. W. 485; Armstrong v. State, 98 Tex. Cr. R. 335, 265 S. W. 701; Paulk v. State, 97 Tex. Cr. R. 415, 261 S. W. 779; Wagner v. State, 80 Tex. Cr. R. 66, 188 S. W. 1001; Kendall v. State, 118 Tenn. 156, 101 S. W. 189, 121 Am. St. Rep. 994, 11 Ann. Cas. 1104; Livesey v. Helbig, 87 N. J. Law, 303, 94 A. 47; People v. Niemoth, 322 Ill. 51, 152 N. E. 537; People v. Lake, 332 Ill. 617, 164 N. E. 167.

It is an elementary rule of construction that effect must be given, if possible, to every word, clause, and sentence of a statute. United States v. Standard Brewery, 251 U. S. 210, 40 S. Ct. 139, 64 L. Ed. 229; State v. District Court, 77 Mont. 290, 250 P. 973, 49 A. L. R. 398; 25 R. C. L. 1004.

The purpose of the Legislature in enacting the law was to protect the public from the menace of concealed deadly weapons, and in construing the statute it is the duty of the court to have in mind the legislative intent and to give the statute such reasonable construction as will effectuate its purpose. The weapon in question was not concealed on appellant's person, but it was concealed about his person. It was in such close proximity to him that he could reach it more easily and could use it more promptly than if it had been concealed on

his person. If the word "about," as used in the statute, should be construed to mean no more than the word "on," the purpose of the act in many instances would be frustrated. The mere fact that the word "about" was used in addition to the word "on" indicates that the Legislature intended that the statute should have a more comprehensive application than if the word "on" alone had been used.

The appeal is denied, and the judgment is affirmed.

Dietzman, Justice (dissenting).

I am compelled to dissent from the majority opinion. I do not complain of the definition given by this opinion to the words "on or about" when such words are taken alone, but I do think that the opinion fails to take into consideration that the statute provides not only shall the deadly weapon be "on or about" the person of the one accused, but also that such person shall *carry* such deadly weapon "on or about" his person. If he does carry a concealed deadly weapon in a place where it is reasonably available or accessible, as for instance in a basket slung on his arm, I concede that the statute has been violated. But I believe that the word "carry" ought to be given some importance in the construction to be given this statute, at least as much importance as the words "on or about." The court ignores the definition of the word "carry" as given in the case of Avery v. Commonwealth, 223 Ky. 248, 3 S. W. (2d) 624, 626. In that case, we said:

"To 'carry' the weapon means that it must be on the person or so connected or annexed to the person that the weapon is carried along as the person moves. If it is in the pocket or in the clothing of the person, or if it is in some receptacle attached to or carried by the person as he moves, he is carrying the weapon."

This definition was adopted and approved in the subsequent case of Commonwealth v. Nunnelley, 247 Ky. 109, 56 S. W. (2d) 689, 88 A. L. R. 805. This definition does not include the movement of a deadly weapon caused by a vehicle even though such vehicle be controlled or operated by the person accused. Experience has demonstrated, especially in these latter days of bandits and highwaymen, that the statute as written has put a heavy handicap on the well-inten-

tioned citizen who desires to obey the law and that he is at the mercy of a bandit or highwayman who ever ignores the law. The well-intentioned citizen hates to hit below the belt by flouting the law against carrying concealed and deadly weapons. The bandit feels no compulsion to observe the Marquis of Queensberry rules. This being true, we ought not by a strained construction extend the law beyond its literal intendment. If the law should be amended to take care of the ill disposed in a more intelligent way than it now does, that is for the Legislature to accomplish and not the court. At least we can by virtue of the judicial process, as Justice Cardozo expresses it, protect the citizen who must necessarily be abroad on unfrequented highways at all hours of the day and night from those who would rob or assault him. Under the majority opinion, if a person riding along the highway in his automobile has a pistol on the seat beside him uncovered, he has not violated the law, for such pistol is not concealed; but if perchance there is a handkerchief or a lap robe over it, then he has violated the law. The absurdity of this is so apparent to me that I cannot believe the statute was ever meant to be construed as it was in this case. To the party by the roadside, the pistol on the seat of a speeding automobile is effectually concealed whether it lie exposed on the seat or be covered by a lap robe. The object of the law against carrying concealed and deadly weapons was to prevent men in sudden quarrel from drawing from their persons deadly weapons and using them, and to give others who had to come in contact with them the notice either that such men were armed if the arms were exposed or the security of the presumption, if no arms were visible, that they were unarmed. How different a situation do we have presented in the case of a gun on a seat of a speeding automobile. The evil aimed at by the statute in such state of case cannot be affected by the fortuitous circumstance of whether the gun be covered by a handkerchief or not. Clearly there is a factual distinction between such a state of case and that of a gun being carried by an individual who intermingles with his fellowman. Such a difference born of experience should lead to a different construction of the statute than that placed upon it by the majority opinion. As Mr. Justice Holmes says in his Common Law:

"The distinctions of the law are founded on ex-

perience, not in logic. It therefore does not make the dealings of men dependent on a mathematical accuracy."

I admit that in the case before us one can scarcely have sympathy for the appellant, for he was carrying a small-sized arsenal in his car. But be that as it may, as said once before by me in the case of Commonwealth v. Flatt, 219 Ky. 185, 292 S. W. 785, we ought not, despite the adage, permit hard cases to make bad law. The majority opinion has but added one more handicap to the law-abiding citizen in his effort to protect himself against ill doers.

I am authorized to state that Judge Clay concurs in this dissent.