## WILLIAMS v. COMMONWEALTH.

Court of Appeals of Kentucky.

Oct. 30, 1953.

—————◆—————

Fred K. Cope, Hazard, for appellant.

J. D. Buckman, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., Emmett G. Fields, Whitesburg, for appellee.

STANLEY, Commissioner.

State patrolmen cruising highway No. 15 one night saw the tracks of an automobile along the side of the road and found it parked partly on and partly off the paved road with Tom Williams asleep at the wheel. They aroused Williams and arrested him for being drunk in a public place. After putting him in the patrol car, the officers searched the car and found a pistol in the unlocked receptacle in front of the seat, commonly called the glove compartment. Williams was convicted of carrying a deadly weapon concealed and sentenced to serve two years in the penitentiary. He appeals.

■ The only ground the appellant argues for reversal is that of an unlawful search. There is no merit in his contention. It was the duty of the officers to arrest him for he was violating two statutes. KRS 189.450 and 244.020(2). The search of the automobile was warranted. Patrick v. Commonwealth, 199 Ky. 83, 250 S.W. 507; Ingle v. Commonwealth, 204 Ky. 518, 264 S.W. 1088; Commonwealth v. Lewis, 309 Ky. 276, 217 S.W.2d 625.

■ That there may be no miscarriage of justice, we go beyond the point argued to consider whether there was a violation of the statute prohibiting the carrying of a concealed weapon.

At common law or by very early statute in England, people were prohibited from going armed that they might not terrorize the King's subjects. Wharton's Criminal Law, Sec. 1876. That was never the law in this country but from an early date, with

the invention of small arms, statutes were enacted condemning the practice of carrying a deadly weapon concealed on or about the person. The reason for these statutes, it has been said, is "because persons becoming suddenly angered and having such a weapon in their pocket, would be likely to use it, which in their sober moments they would not have done, and which could not have been done had not the weapon been upon their person." State v. Chippey, 14 Del. 583, 33 A. 438; Note 63, 68 C.J. 16.

The condemnation of our statute is against anyone "[carrying] concealed a deadly weapon, other than an ordinary pocket knife, on or about his person". KRS 435.230. Substantially the same language is used in many other states. Any mode is within the terms of the statute where the concealed weapon is carried in such close proximity to the person that it is readily accessible and available for use. Commonwealth v. Nunnelley, 247 Ky. 109, 56 S.W. 2d 689, 88 A.L.R. 805; Hampton v. Commonwealth, 257 Ky. 626, 78 S.W.2d 748; Turley v. Commonwealth, 307 Ky. 89, 209 S. W.2d 843. Of necessity, the culpable factor of accessibility or availability must vary according to a reasonable regard for the particular facts. The opinions of other courts are in conflict in the application of the law under like locations of a weapon. See Note 23 L.R.A.,N.S., 173; Annotations 50 A.L.R. 1536, 88 A.L.R 807. We have held a pistol under the front seat of an automobile and not accessible without raising the seat was not within the terms of the statute. Commonwealth v. Nunnelley, supra. But having a pistol, rifle and black jack covered by clothing on a shelf immediately behind the driver of the automobile and easily reached for use violated the statute. Hampton v. Commonwealth, supra. We held, in effect, in Turley v. Commonwealth that it was not a violation of the law to have a pistol in a locked glove compartment of a car, the key to which was in the ignition switch. It was held in People v. Liss, 406 Ill. 419, 94 N.E.2d 320, where a weapon was being carried in an automobile, that if an appreciable change

in the position of the person is necessary to reach the weapon, it is not readily accessible.

In the present case, the accused was at the time of his arrest "under the wheel", or on the left-hand side of the seat, and would have had to reach across to the right-hand side and open the compartment before he could take hold of the pistol. The court is of opinion that this is not a violation of the statute; therefore, the defendant was entitled to a peremptory instruction of not guilty.

Judgment reversed.

CAMMACK, J., dissenting.