**Alfred W. COLLIER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 1, 1970.

Joe T. Roberts, Luker, Luker & Roberts, London, for appellant.

John Breckinridge, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Alfred W. Collier appeals from a judgment sentencing him to a term of two years in the penitentiary pursuant to a verdict finding him guilty of violating KRS 435.-230, which prohibits anyone from carrying a deadly weapon concealed "on or about his person." Collier maintains that the proof did not establish that the weapon was "about" his person, or that he knowingly was carrying it.

The weapon, a pistol, was on the floor, under the front seat frame, of a car being operated by Collier. It was discovered by a police officer who arrested Collier for driving while intoxicated. Collier argues that the location of the pistol was such that it could not be said to be "about" his person.

The words "concealed on or about his person" mean concealed in such proximity to the person as to be convenient of access and within immediate physical reach. Hampton v. Commonwealth, 257 Ky. 626, 78 S.W.2d 748. In *Hampton*, a gun lying on a shelf back of the seat of a coupe, immediately behind the driver, was held to be about the person of the driver. In our opinion the pistol in the instant case was equally accessible, being reachable by the driver by the simple act of leaning over and putting his hand under the seat assembly; wherefore the pistol may be considered to be about the person of Collier. This view is supported by decisions of other jurisdictions. See Ross v. State, Del. Supp., 232 A.2d 97; Shipley v. State, 243 Md. 262, 220 A.2d 585; Garrett v. State, 165 Tex.Cr.R. 328, 307 S.W.2d 270; and Young v. State, Tex.Crim.App., 422 S.W.2d 444.

Commonwealth v. Nunnelley, 247 Ky. 109, 56 S.W.2d 689, and Williams v. Commonwealth, Ky., 261 S.W.2d 807, are distinguishable on the basis of the degree of accessibility of the weapon. In Nunnelley the gun was under the seat *cushion* and could be reached only by the driver's arising and lifting the cushion. In *Williams* the gun was in the glove compartment near the right front door and the driver, to obtain it, would have to stretch across the seat and open the door of the compartment.

Collier's argument that the proof did not show that he knowingly was carrying the pistol is based upon his "uncontradicted" testimony that the car belonged to his wife, he drove it only infrequently, and he did not know the pistol was there. The simple answer to this is that reasonable *inferences* contradicted his testimony and warranted a finding that he did know the pistol was there and that it was his pistol. Particularly significant was the fact that Collier had in his pocket a loaded cartridge that fit the pistol.

Judgment is affirmed.

All concur.