**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Carl Wallace ISHAM, Defendant-Appellant.**

**No. 74–1029.**

United States Court of Appeals, Sixth Circuit.

Argued April 17, 1974.

Decided Aug. 23, 1974.

Robert W. Willmott, Jr., Lexington, Ky., for defendant-appellant; Charles William Arnold (Court-appointed), Lexington, Ky., on brief.

Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on brief, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and WEICK and EDWARDS, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant was convicted of receiving and possessing a weapon after having been convicted of a felony, in violation of 18 U.S.C. App. § 1202(a)(1) (1970). Appellant received a two-year sentence following his conviction in a jury trial before the United States District Court for the Eastern District of Kentucky.

Appellant had been arrested for shoplifting in a department store in Lexington, Kentucky. Another police officer was called and the two officers were preparing to take the defendant to jail when he asked to be allowed to lock up his car in the parking lot. Appellant had already been handcuffed and when the officers took him to the car, he started to get into the vehicle, whereupon one of the officers spotted a box of .30 calibre ammunition on the front seat and asked appellant if he had a weapon that fitted the ammunition. Appellant said that he did and that it was on the back seat. Thereupon the officers entered the car and discovered a loaded carbine underneath a coat and pillow. This was the weapon which led to appellant's conviction.

On this appeal the only issue concerns the search and seizure of the weapon. The government agrees that there was no actual consent for the seizure. The government argues, however, that the officers had probable cause to believe that appellant was in possession of a concealed weapon, in violation of Kentucky law. The government also relies upon Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973), which held that police search of a wrecked automobile belonging to a hospitalized Chicago policeman for the revolver which they thought might be there was justified by the need to protect the public from the weapon possibly falling into improper hands.

Of importance to our consideration of this case is the fact that the police approach to this car was at appellant's request and was made with no prior thought of a search. The police knowledge of the existence of a firearm was triggered by their "plain view" of the box of ammunition and their inquiry. Thus the language employed by the opinion of the court in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), is applicable:

"[W]hat the 'plain view' cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused." Coolidge v. New Hampshire, supra at 466, 91 S.Ct. at 2038.

■ We believe the search in this case is justified under the logic of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

One of the police officers described the situation confronting them:

"Q. Just go ahead and tell us what happened, if you would, Mr. Kidwell.

A. We accompanied him to the left side of the vehicle. He reached and opened the door and started to roll up the left window glass. All the windows were down on the car, and I looked and saw a box of ammunition setting on the seat—right seat. I looked around and didn't see a gun in sight anyplace, so I asked Mr. Isham if he had a weapon that went with that ammunition.

Q. What did he say?

A. He said, 'Yes, I have. It's in the back seat.'

Q. Then what happened?

A. I pulled him back from the car. Officer Condor went to the other side —the right side of the car and pulled

back a coat and throw rug and it revealed a rifle laying in the back seat."

Appellant apparently had opened the door and was rolling up a window when the officers noticed the .30 calibre ammunition. If so, he must have had his hands handcuffed in front of him. When the officers learned that there was a gun in the car, they had reasonable grounds to seize it for their own self-protection within the *Terry* rationale.

Additionally, we believe the government's reliance upon Cady v. Dombrowski,[1] *supra,* and Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), is appropriate.

The police suspicion about a weapon (based on plain view of the ammunition) was, of course, turned into something more than probable cause when appellant admitted that he had a carbine covered on the back seat. Gilliam v.

United States, 189 F.2d 321 (6th Cir. 1951); Petteway v. United States, 261 F.2d 53 (4th Cir. 1958). One of the policemen then informed appellant he was being arrested for carrying a concealed weapon, a felony under Kentucky law, K.R.S. 435.230. *See* Hampton v. Commonwealth, 257 Ky. 626, 78 S.W.2d 748 (1934).

Cady v. Dombrowski, *supra,* appears to hold that where police know that a weapon (particularly as here, a loaded and concealed weapon) is present in an automobile where it is vulnerable to possible theft and criminal use, police seizure of it as a public safety measure is "reasonable" under the Fourth Amendment. Chambers v. Maroney, *supra,* appears to hold that police are not required to guard such a vehicle until a search warrant is procured.

The judgment of the District Court is affirmed.

---

1. We recognize this case was decided by a narrow majority in hotly disputed areas of Fourth Amendment law. Nonetheless, we are obliged to give it its intended effect.