## THE STATE v. WILLIAMS.

1. **Carrying Concealed Weapons**: INDICTMENT AND PROOF. It would be a good defense to an indictment for carrying a concealed weapon to show that it was carried through restraint, or in ignorance of its real character, or for any innocent or lawful purpose, but such defenses need not be anticipated and negatived by allegations and proof on the part of the state.

2. ———: EVIDENCE TO SUPPORT VERDICT. Where the carrying of the concealed weapon is proved as alleged, and there is no evidence of any fact constituting a defense, the evidence justifies a verdict of guilty.

3. ———: WILLFUL CARRYING: INSTRUCTION. Where the evidence all related to the *fact* of carrying the concealed weapon, and there was no attempt to show ignorance or restraint as a defense, an instruction to the effect that, in order to convict, the jury must find that the defendant carried the weapon "willfully," was not only not required, but would have been erroneous.

4. ———: INSTRUCTION: CONSTRUED AS A WHOLE. An instruction examined, (see opinion,) and *held*, when considered as a whole, not to be vulnerable to the objection that it told the jury that the revolver carried by defendant was a "weapon," and that it was "concealed."

## *Appeal from Pocahontas District Court.*

### WEDNESDAY, OCTOBER 27.

UPON an information filed before a justice of the peace, defendant was convicted of carrying upon his person a concealed weapon, a revolver, and fined in the sum of $100. Upon an appeal to the district court he was again convicted, and fined in the sum of $50. He appeals to this court.

*McEwen & Garlock* and *Robinson & Milchrist*, for appellant.

*A. J. Baker, Attorney-general,* for the state.

BECK, J.—I. The statute under which defendant was convicted (Code, § 3879) is in the following language: "Sec. 3879. If any person carry upon his person any concealed weapon, he shall be deemed guilty of a misdemeanor, and, upon conviction, shall be fined not more than one hundred dollars, or imprisoned in the county jail not more than thirty days; provided that this section shall not apply to police officers and other persons whose duty it is to execute process or warrants, or make arrests."

1. CARRYING concealed weapons: indictment and proof.

It will be observed that the intent or purpose with which the weapon is carried is not an element of the statutory offense. Nor does the statute provide that it must be car-

ried with the knowledge of the defendant, or willfully; *i. e.*, "of set purpose, voluntary, showing design." The obvious purpose of the statute is to forbid the carrying of weapons upon the person for any and all purposes. It therefore becomes unnecessary, in a prosecution for the offense, to charge and prove the willful carrying of a weapon on the person with the knowledge of the accused that the weapon was carried upon his person and that the thing carried was a weapon. If the weapon was carried upon the person through restraint, or in ignorance of its real character, or for any innocent or lawful purpose, without a doubt this would be a good defense to the prosecution. But the defense need not be negatived by allegations and proof in a criminal prosecution for the offense.

II. The evidence shows the carrying of the weapon upon the person at and before the time charged in the information. Defendant in his own testimony admits it, and the fact is shown by other witnesses. Defendant introduced no evidence tending to show that he carried the weapon through restraint, or in ignorance of its true character. Indeed, the evidence clearly and positively shows the contrary state of facts. In our opinion, the evidence sufficiently supports the verdict of the jury. The position of counsel, that there is no evidence to show the unlawful carrying of the weapon prior to the moment of defendant's arrest, is not supported by the record. It was shown that he carried the revolver in his pocket before the arrest.

III. Counsel for defendant complain that the instructions do not require the jury to find, in order to convict, that defendant carried the revolver "willfully." Defendant, as we have said, did not plead or attempt to show ignorance or restraint in carrying the revolver as a defense. Had there been evidence tending to show such facts, an instruction upon the effect thereof would have been required. It would have been improper for the court to pre-

sent such an issue to the jury in the absence of any proof thereon.

IV. Counsel also complain that the court, in its instructions, in effect directed the jury that the revolver carried by defendant was a "weapon," and that it was concealed. We think the language of the instructions cannot be construed to convey the meaning put upon them by counsel. The jury were directed that, to authorize conviction, they must find that the defendant did carry concealed upon his person an instrument commonly known as a revolver, and that the same was a "weapon." In the same instruction they are also directed that they must further find "that, at the time he carried such concealed weapon, if he carried any, he was not a police officer or other person whose duty it was to execute warrants or other process." This part of the instruction is the foundation of counsel's complaint. The instruction, read as a whole, cannot be understood to state, as a matter of law or fact, that the revolver was a weapon, or that it was concealed when defendant carried it. But, had the court instructed the jury that a revolver is a weapon, it would have been the simple statement of a fact known to the jury in common with all the world.

In our opinion, there is no ground disclosed by the record authorizing us to disturb the judgment of the court below. It is therefore

AFFIRMED.

*4. ———: instruction: construed as a whole.*