**STATE of Iowa, Appellee,**

v.

**Huie Ernest KRANA, Appellant.**

**No. 59634.**

Supreme Court of Iowa.

Oct. 20, 1976.

Thomas M. Kelly, Jr., Davenport, for appellant.

Richard C. Turner, Atty. Gen., and Edward W. Kemp, Cedar County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and HARRIS, JJ.

UHLENHOPP, Justice.

This appeal involves the element of knowledge in the crime of going armed in a vehicle. See Code 1973, § 695.2.

The evidence of defendant Huie Ernest Krana shows that he owned a Cadillac car which he left at the service station of Gary Baclet in order to sell it. Baclet used the car to go back and forth to a bank when he made deposits and on such occasions had his revolver in the car. He did not have a permit to carry the revolver but testified "he was under the impression he could carry a gun as long as it was not concealed." But see § 695.2, supra ("No person shall carry a pistol or revolver . . . whether concealed or otherwise in any vehicle operated by him . . . without a permit therefor . . ..").

On the evening of December 3, 1974, defendant took the car to drive to another city, and Baclet's revolver was in the car. Defendant testified he "did not know the gun was in the car." He further testified that he "had seen Baclet with a pistol, but did not know it was in the car."

As defendant passed through Cedar County, Iowa, an Iowa trooper stopped him for speeding. The Cadillac had a citizen's band radio, and the trooper shone his flashlight into the interior of the car to see if the radio was on. The trooper testified that when he did so "he noticed a thermos bottle and a .38 caliber revolver lying on the seat." Also, "The thermos bottle was lying in the back crack of the seat and the .38 caliber revolver was in the middle of the seat."

The Cedar County Attorney filed his information charging that defendant "willfully and unlawfully" went armed in a vehicle contrary to § 695.2 of the Code. Defendant pleaded not guilty and stood trial.

At trial, the only defense defendant advanced was that he did not willfully possess the revolver in the car for the reason that he was unaware it was there.

In its statement of the issues to the jurors, the trial court instructed them inter alia that the State charged defendant "willfully and unlawfully" carried the revolver in the car. In its Instruction 8, the court marshaled the propositions the State had to establish to convict defendant. The court did not there, or elsewhere in the instructions, tell the jury the State had to prove defendant knew the revolver was in the car, nor did the court otherwise submit that question to the jury. Neither the county attorney nor defendant had any objections to the instructions before the trial court read them to the jury.

During its deliberations, the jury sent the following note to the trial judge:

We feel that there is a conflict between the charge on the first page, which states that the accused willfully and unlawfully carried a concealed weapon and the instruction no. 8 which eliminates the word willfully. The jury asks respectfully that this be clarified.

The trial court thereupon answered the jury by giving Instruction 14. The relevant part of that instruction is as follows: "If the State has established each of the elements set out in Instruction 8 to your satisfaction beyond a reasonable doubt, it is then your duty to find the Defendant guilty. If the State has failed so to establish any one or more of said elements to your satisfaction, beyond a reasonable doubt, then it is your duty to find the Defendant not guilty."

The jury retired again and promptly found defendant guilty.

Defendant filed a motion for new trial which included the following:

That the Court erred in giving the additional instruction No. 14 in that said instruction misdirected the jury in a material matter of law.

The court overruled the motion and set time for sentencing. At that proceeding both defendant's attorney and defendant himself urged upon the court the contention that defendant was unaware of the revolver in the car. The court stated the evidence

showed the revolver was on the seat and that it was not impressed with defendant's contention. The court passed sentence, and defendant appealed.

The principal issue before us relates to the propriety of Instruction 14. We also have the question, however, as to whether defendant preserved error.

■ I. As to the principal issue, the law of Iowa is clear that while specific intent is not an element of this crime, the accused must be aware of the presence of the gun. *State v. Williams*, 184 Iowa 1070, 169 N.W. 371. See also *State v. Davidson*, 217 N.W.2d 630 (Iowa); *State v. Williams*, 70 Iowa 52, 29 N.W. 801; *People v. Stephens*, 58 Mich.App. 701, 228 N.W.2d 527; *People v. Balog*, 56 Mich.App. 624, 224 N.W.2d 725; II Iowa Uniform Jury Instructions, No. 530.3 (1970).

■ A fact issue existed under the testimony as to whether defendant knew the revolver was in the car. We quite agree with the trial court that defendant's evidence of no knowledge is unimpressive as a factual matter. But defendant introduced substantial evidence of lack of knowledge, and the *jurors* had the say of whether defendant did or did not know of the presence of the revolver. The trial court erroneously failed to submit that issue to the jurors when enumerating the elements of the crime in Instruction 8. This question constituted the heart of the case; it was the only really controverted issue.

II. As to the second question, defendant did not object to Instruction 8 before the court read it to the jury. He did however object to Instruction 14 which told the jurors that proof of the elements in Instruction 8 would establish guilt. Defendant did this in his motion for new trial, which is the proper procedure under such circumstances by virtue of §§ 784.2, 787.3(5), and 780.35 of the Code and rule 197 of the Rules of Civil Procedure.

■ The problem is whether defendant's ground for new trial was sufficiently specific to alert the trial court to his present contention. Under normal circumstances

we would have some question because of the generality of the statement of the ground—the instruction "misdirected the jury in a material matter of law." Here, however, the sole controverted issue at trial was lack of knowledge; the jurors' question to the trial judge pin-pointed that issue; the judge answered the question directly by referring the jury to Instruction 8 which omits willfulness or knowledge; and Instruction 14 instructed on only one question, so that when defendant stated the court misdirected on law he could only be referring to the law on that one question. Indeed at time of sentence defendant and the court were still discussing the knowledge issue.

In the analogous evidentiary situation, a general objection will suffice when the ground of the objection is obvious. *State v. Droste*, 232 N.W.2d 483 (Iowa). We believe that under the particular circumstances here, the motion adequately alerted the trial court. See *Rush v. City of Sioux City*, 240 N.W.2d 431, 441 (Iowa) (" 'The purpose of requiring clarity of objection is  .  .  . to afford the trial judge an opportunity to catch exactly what is in counsel's mind' ").

Defendant is entitled to another trial, with the knowledge issue submitted to the fact-finder if the evidence again develops a fact question on that subject.

REVERSED.