THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNY JOHNSON, JR., Defendant-Appellant.

First District (4th Division)    No. 76-1028

Opinion filed June 9, 1977.

James Geis and David Mejia, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Larry L. Thompson, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The defendant, Johnny Johnson, Jr., was convicted after a bench trial of

unlawful use of weapons (Ill. Rev. Stat. 1975, ch. 38, par. 24(a)(10)) and failure to possess a City of Chicago firearm registration card (ch. 11.1, sec. 8 of the Municipal Code of the City of Chicago). The defendant was sentenced to 30 days in the House of Correction on the State violation, and fined $100 on the City violation.

The sole issue raised on review is whether or not there was sufficient evidence adduced at trial to convict the defendant of unlawful use of weapons.

The defendant was a passenger in an automobile driven by a friend, which was stopped by a Chicago police officer for speeding. When the officer approached the auto in which the two men were sitting, he observed a pistol in a holster on the rear seat of the auto. The defendant and his companion were ordered out of the auto and the officer retrieved the pistol and determined it was loaded with six rounds of ammunition. The defendant volunteered the weapon belonged to him. The officer then arrested him and charged him with the two offenses.

There is no question as to the facts in this case. The sole issue the defendant raises on review is the evidence was insufficient to convict him, as section 24—2(b)(4) of the Criminal Code of 1961 is an exemption which should be applied to this case. Section 24—2(b)(4) states as an exemption:

> "Transportation of weapons broken down in a non-functioning state or not immediately accessible."

The defendant suggests inasmuch as the weapon was in the rear seat of the car, it was not immediately accessible to him. The defendant cites the case of *People v. House* (1975), 29 Ill. App. 3d 994, and *People v. Liss* (1950), 406 Ill. 419, for the proposition of whether or not the weapon was accessible to him. We feel the factual basis of these decisions is not applicable to this case. In *House*, the defendant was accused of throwing a pistol into a garbage can and this court reversed the conviction on the premise the weapon was not within the control of the defendant and he could not conveniently reach it, even if he wanted to. The *Liss* case also may be distinguished on the facts. The *Liss* case had a unique situation of a very stout man who was driving a very small compact automobile. The gun was under the front seat on the passenger side, and the supreme court decided from the evidence it was physically impossible for the defendant to reach the weapon even if he had wanted to do so.

This court feels on these facts the holding of the supreme court in *People v. McKnight* (1968), 39 Ill. 2d 577, is applicable here. The court stated:

> "In accordance with a normal understanding of the language we believe this pistol was concealed in a motor vehicle and was 'immediately accessible,' * * *." 39 Ill. 2d 577, 580-81.

The pistol was lying on the rear seat of the automobile. It would have been very easy for the defendant to reach into the rear seat, especially being the passenger and not the driver, to pick up the pistol if he had so desired. The pistol was "immediately accessible" to the defendant in the normal use of the language, and the State proved the defendant guilty of the charges beyond a reasonable doubt.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.