THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICHARD BEAN, Defendant-Appellant.

First District (4th Division)   No. 77-1870

Opinion filed October 12, 1978.

James J. Doherty, Public Defender, of Chicago (Timothy P. O'Neill, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Linda Dale Woloshin, and Thomas Bucaro, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

Defendant, Richard Bean, was convicted of unlawful use of weapons (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(4)) after a bench trial in the circuit court of Cook County, and he was sentenced to the Department of Corrections for a term of 8 months. The issue presented for review is whether he was proved guilty beyond a reasonable doubt.

We affirm.

At trial, Officer Dwyer testified that at about 3 or 4 p.m. on March 2, 1977, while on patrol, he talked to a man standing in front of a men's clothing store at 2016 East 71st Street. The man, an employee of the store, told him defendant was inside with a gun and pointed to defendant through the window.

Officer Dwyer went into the dressing area of the store, announced his office and conducted a patdown search of defendant, who was standing partially concealed in a dressing booth. As he was conducting the search, Officer Dwyer testified defendant asked the store employees, "[W]hy did you call the police? I told you I only had the piece for my own protection.

I told you I wasn't going to stick you up. That's why I showed you the gun and that's why I left it in my coat."

The officer did not find the weapon either on defendant's person or in the clothes in the dressing booth. Defendant then approached a coat hanging about 10 feet from the dressing area and came within about 4 feet of it. The officer advised him he would have to search it first and found a snub-nosed .38-caliber pistol in the coat pocket. He placed defendant under arrest and advised him of his constitutional rights. The officer testified that in order to leave the store one could have walked down the aisle, and it was not necessary to walk by the hook where the coat was.

Defendant testified that after he was searched by the officer and walked out of the dressing booth, one of the sales people pointed toward a coat hanging on a rack about 25 feet from the dressing booth and about 15 feet from where he was standing and said, "over there." The officer then asked him if he had worn a coat, and defendant said he had not. He testified that March 2, 1977, was a hot day. Defendant denied telling the store personnel that he had a pistol with him and denied owning the brown leather coat where the gun was found.

The police officer was recalled and testified that after arresting defendant and advising him of his rights, he asked defendant whether he wanted the coat inventoried or whether he wanted to take it to the lockup with him, and defendant said he would take it with him.

In finding defendant guilty, the court made an explicit finding that the gun was accessible, being just 4 feet from defendant according to the officer's testimony.

Defendant now contends the State failed to prove him guilty beyond a reasonable doubt, arguing the gun was not readily accessible. Section 24—1(a)(4) provides in relevant part:

> "(a) A person commits the offense of unlawful use of weapons when he knowingly:
>
> ❋ ❋ ❋
>
> (4) Carries concealed in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver or other firearm." Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(4).

In *People v. Niemoth* (1926), 322 Ill. 51, 53, 152 N.E. 537, relied on by defendant, the court articulated the applicable standard:

> "Before there can be a conviction under the statute prohibiting the carrying of fire-arms concealed on or about the person there must be proof that the fire-arm is carried in such a manner as to give no notice of its presence and in such proximity of the accused as to be within his easy reach and under his control."

More recently, in *People v. Archibald* (1972), 3 Ill. App. 3d 591, 595, 279 N.E.2d 84, the court stated:

> "What constitutes a sufficient external relationship between a defendant and contraband property to complete the concept of 'possession' is a question which is not susceptible of a short generalized answer. Physical possession giving the defendant immediate and exclusive control is, of course, sufficient. The possession need not always be actual physical possession; the defendant may be shown to have had constructive possession by establishing that the property involved was subject to his dominion or control."

In *People v. House* (1975), 29 Ill. App. 3d 994, 331 N.E.2d 72, also relied on by defendant, the court held that to retrieve the weapon defendant had thrown into a garbage can 12 feet away would have required such a change of position by defendant so as not to be immediately accessible. The court further stated that the essence of the element of the offense is that the weapon must be concealed within the accused's convenient control so that he or she could promptly use it if driven to do so by any violent motive.

In this case the officer testified defendant was within 4 feet of the coat when he stopped him. Under the ordinary meaning of the language, we believe the gun was immediately accessible and could have easily been reached if defendant had been prompted by a violent motive. (*People v. Johnson* (1977), 49 Ill. App. 3d 567, 569, 364 N.E.2d 590.) We therefore conclude defendant was proved guilty beyond a reasonable doubt.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

JOHNSON, P. J., and ROMITI, J., concur.