**STATE of Iowa, Appellee,**

v.

**Robert Lee ALEXANDER, Appellant.**

**No. 66766.**

Supreme Court of Iowa.

July 21, 1982.

Francis C. Hoyt, Jr., Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Joseph P. Weeg, Asst. Atty. Gen., and William E. Davis, Scott County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, HARRIS, and LARSON, JJ.

REYNOLDSON, Chief Justice.

The sole issue in this appeal is whether the State produced sufficient evidence to convict defendant of going armed in a city, a violation of Iowa Code section 724.4 (1979). Defendant contends trial court erroneously overruled his motion for judgment of acquittal. We hold the evidence was sufficient to generate a jury issue and

therefore affirm trial court's judgment based on the jury's guilty verdict.

In this case defendant also was charged and convicted of the crime of burglary in the second degree. He does not appeal from that part of the judgment and ten-year sentence. This appeal is from that portion of the judgment sentencing him to two years' concurrent imprisonment on the weapons charge.

The evidence disclosed that defendant was apprehended when driving a van from the burglary scene. A police officer who searched the van testified without contradiction that "[t]he bullets were inside the [.357 magnum revolver], the weapon was half sticking out of a holder, slightly behind and to the right of the driver's seat."

I. The pertinent count of the trial information charged defendant with violating that portion of section 724.4 here underlined:

A person who goes armed with a dangerous weapon concealed on or about his or her person, or who, <u>within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not</u>, or who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor . . . .

Commenting upon the emphasized facet of the statutory prohibition, Professors Yeager and Carlson wrote:

The second kind of prohibited conduct [under section 724.4] is going armed with a pistol or revolver, or a loaded firearm of any kind, within the limits of any city. The pistol or revolver need not be loaded. This provision is new to the law and reflects the opinion of the drafting committee that no one should go so armed in areas of relatively dense population, whether the firearm is concealed or not. The phrase "within the limits of any city" was chosen as a convenient way of describing such areas, one which will permit anyone to identify the places where this restriction on the carrying of firearms will apply.

4 J. Yeager & R. Carlson, *Iowa Practice* § 517 (1979).

Obviously, the elements of the crime charged in this case are (1) being within the limits of a city, (2) going armed, and (3) a pistol, revolver, or any loaded firearm. It is undisputed that the incident in controversy occurred within the city limits of Davenport. It is uncontroverted that a loaded revolver was involved. The fighting issue is whether there was sufficient evidence that defendant was "going armed" under section 724.4.

Instruction 821, Iowa State Bar Association Uniform Jury Instructions (Criminal) defines "going armed" and "goes armed" for section 708.8, going armed with intent, purposes:

The terms "going armed" or "goes armed" mean the conscious and deliberate keeping of a (*dangerous weapon*) on or about the person, available for immediate use.

The State requested a similar instruction in this case, but its request was refused. Defendant made no objection that the term was not defined, apparently convinced the omission would enhance the State's burden. We hold in the context of this charge that the "goes armed" requirement of section 724.4 is satisfied when an occupant of a vehicle consciously and deliberately keeps a pistol, revolver, or any loaded firearm where it is readily accessible to him or her.

This analysis finds support in *Mularkey v. State*, 201 Wis. 429, 432, 230 N.W. 76, 77 (1930) ("[T]he driver of an automobile goes armed, within the meaning of section 340.69, Stats., when he has a dangerous weapon within reach on a shelf in back of his seat."). It also is supported by numerous authorities that establish the rule that a weapon that is easily accessible in an automobile violates prohibitions against "carrying" or "concealing" weapons. *See People v. Johnson*, 49 Ill.App.3d 567, 568–69, 364 N.E.2d 590, 591, 7 Ill.Dec. 429, 430 (1977); *Collier v. Commonwealth*, 453 S.W.2d 600, 601 (Ky.1970); *Hampton v. Commonwealth*, 257 Ky. 626, 628–30, 78 S.W.2d 748, 749–50 (1934); *Dillon v. City of Tulsa*, 273 P.2d 145,

148–50 (Okla.Cr.App.1954); *State v. Williams*, 636 P.2d 1092, 1094–95 (Utah 1981); 79 Am.Jur.2d *Weapons and Firearms* § 12 (1975); 94 C.J.S. *Weapons* § 8 (1956).

Finally, our view of this requirement is fortified by the language of the sixth exception itemized in section 724.4, which provides the section shall not apply where an unloaded pistol or revolver is transported under certain precautions and "the pistol or revolver will not be readily accessible to any person riding in the vehicle or common carrier."

 II. In this court defendant argues there was no evidence showing he knowingly transported the gun. Defendant did not raise this issue in trial court by specific reference in his motion or by requested instruction. As we have indicated in division I, the accused's conduct must be deliberate and conscious. *See State v. Krana*, 246 N.W.2d 293, 295 (Iowa 1976) ("[T]he law of Iowa is clear that while specific intent is not an element of this crime [going armed in a vehicle], the accused must be aware of the presence of the gun."); *State v. Baych*, 169 N.W.2d 578, 585 (Iowa 1969) (Carrying a concealed weapon is a general intent crime, and such intent is presumed from doing the prohibited acts.); *State v. Williams*, 184 Iowa 1070, 1073, 169 N.W. 371, 372 (1918) (Where defendant testified he put on someone else's coat that had a gun in the pocket, the trial court judgment was reversed because defendant's requested instruction on issue of knowledge was not submitted to jury.).

Certainly in this case the State generated a jury issue. Although there were two other persons in the van, we already have described the location of the revolver as "half sticking out of a holder, slightly behind and to the right of the driver's seat." Defendant was driving the van. A police officer described the van as without seats in the rear, uncluttered, and "pretty much open." The gun was visible from the rear of the van when the doors were opened. No evidence suggested the van contained any contents other than heavy-duty bolt cutters, a crowbar, work gloves, and the

weapon. The evidence was sufficient to raise a reasonable inference that defendant knew the revolver was there and that it was readily accessible for his use. *See Collier v. Commonwealth*, 453 S.W.2d at 601. If defendant wanted the issue highlighted further for the jury, he should have drawn the matter to trial court's attention when taking objections to the instructions.

We hold trial court was right in overruling defendant's motion for judgment of acquittal, and affirm the judgment entered by district court.

AFFIRMED.