# IN THE COURT OF APPEALS OF IOWA

No. 18-0442
Filed April 17, 2019

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JOSE MANUEL DOMINGO MENDEZ,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.

A defendant appeals his convictions for possession of methamphetamine with intent to deliver, failure to possess a drug tax stamp, carrying a weapon, and criminal gang participation. **AFFIRMED.**

Christopher R. Kemp of Kemp & Sease, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Jose Domingo Mendez[1] appeals his convictions for possession with intent to deliver methamphetamine with a firearm enhancement, failure to affix a drug tax stamp, criminal gang participation, and carrying a weapon. Mendez claims the district court erred in overruling his motion for judgment of acquittal and the State introduced insufficient evidence to support all four counts. We affirm.

### I.    Background Facts & Proceedings

Shortly after midnight on July 15, 2017, Mendez was driving his girlfriend's vehicle with three passengers inside. After spotting a police car, Mendez attempted to evade police. Mendez parked and all four persons ran from the vehicle, but law enforcement officers caught and detained all four. Officers saw a .22-caliber Mossberg assault rifle propped between the center console and front passenger seat. During a search of the vehicle, officers found over twelve grams of methamphetamine along with small baggies in an open center armrest console by Mendez's cell phone. During a pat-down, officers found half a gram of methamphetamine in Mendez's pocket along with $275 in cash. Mendez told the officers he worked in construction and was paid in cash.

The passengers in the vehicle all wore the color of a known criminal gang, and a bandana of the same color was found in the driver's area of the vehicle. The driver and two passengers had tattoos connecting them to the same gang. One of the passengers admitted being a member of the gang.

---

[1] The defendant is referred to in the record as Jose Domingo Mendez, and he signed court documents as Jose Domingo and Jose Mendez. We will refer to him by the name used in his brief—Mendez.

On August 23, the State charged Mendez with possession of a controlled substance with intent to deliver including a firearms enhancement, in violation of Iowa Code section 124.401(1)(b)(7) and (e) (2017); failure to possess a tax stamp, in violation of sections 453B.3 and 453B.12; criminal gang participation, in violation of sections 723A.1 and 723A.2; and carrying a weapon, in violation of section 724.4(1)(a).

The case proceeded to a jury trial in January 2018. Six police officers testified on behalf of the State. A redacted video and audio recording of Mendez in the back of a police vehicle was shown, during which Mendez denied knowledge of the methamphetamine in the center console and the firearm leaning against the front passenger seat. Mendez testified in his own defense, stating he did not know the methamphetamine in the center console was there, his cousin brought the firearm into the vehicle, and he was not a member of the gang but used to associate with the gang's members.

At the close of all evidence, Mendez moved for judgment of acquittal, claiming the State had not established sufficient evidence of any count for conviction. The court denied the motion and submitted the case to the jury. The jury returned a guilty verdict on all counts. On March 7, the court sentenced Mendez to the statutory indeterminate prison term not to exceed fifty years with a one-third mandatory minimum.

Mendez appeals, claiming the evidence is insufficient to prove any of the charges.

## II. Standard of Review

We review sufficiency of evidence claims for correction of errors at law. *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014). We will consider all evidence in the record, including all reasonable inferences fairly drawn from the evidence, viewed in the light most favorable to the State. *State v. Reed*, 875 N.W.2d 693, 704 (Iowa 2016). We consider both inculpatory and exculpatory evidence. *Id.* We will uphold a verdict supported by substantial evidence in the record. *State v. Showens*, 845 N.W.2d 436, 440 (Iowa 2014). "Evidence is substantial when 'a rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt.'" *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016) (quoting *State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997)).

## III. Sufficiency of the Evidence

On appeal, Mendez claims the district court erred in denying his motion for judgment of acquittal, claiming the State failed to produce sufficient evidence to prove any of the charges.

**A. Possession with intent to deliver.** Mendez claims the State failed to prove he had constructive possession of the methamphetamine found in the open center console of the vehicle he was driving. Mendez claims the methamphetamine belonged to one of the passengers who placed it in the console when leaving the vehicle.

"Constructive possession exists when the evidence shows the defendant 'has knowledge of the presence of the controlled substance and has the authority or right to maintain control of it.'" *Reed*, 875 N.W.2d at 705 (quoting *State v. Maxwell*, 743 N.W.2d 185, 193 (Iowa 2008)). Inferences may be used to prove

constructive possession. *Id.* "We do not presume possession where the defendant does not own the car and a finding of constructive possession cannot rest on mere proximity." *State v. Cashen*, 666 N.W.2d 566, 572 (Iowa 2003). When a controlled substance is found in a location under joint control, such as the console of a vehicle, an inference of possession cannot be made without further evidence. *State v. Carter*, 696 N.W.2d 31, 39 (Iowa 2005). The court must determine if "all the facts and circumstances create a reasonable inference that the person knew of the presence of the controlled substance and had control and dominion over it." *Maxwell*, 743 N.W.2d at 194. Intent to deliver may be inferred from how the controlled substance is packaged, large amounts of cash, and the quantity of the controlled substance. *State v. Grant*, 722 N.W.2d 645, 648 (Iowa 2006).

The vehicle was owned by Mendez's girlfriend, and he was the only one driving it that night. The officers conceded during trial that the console was within easy reach of all four persons in the vehicle, but only Mendez had property mingled with the drug container. Mendez's phone was found in the same open center armrest console by the methamphetamine. A glass pipe was found on the floor by the passenger seat, but no other paraphernalia was found. Mendez was under the influence of methamphetamine at the time of the arrest and had a personal amount of methamphetamine in his pocket. Drugs were not found on the passengers, and the officers testified the passengers did not exhibit signs of having taken methamphetamine.

On the vehicle video, Mendez admitted to the officers he possessed the personal-use quantity of methamphetamine found in his pocket but denied

knowledge of the drugs in the center console. Mendez also denied knowledge of the assault rifle clearly visible in the front near the center console in the car. The video also shows Mendez exhibiting signs of being under the influence of methamphetamine.

Viewed in the light most favorable to the State, the evidence is sufficient to infer Mendez knew of and had control over the methamphetamine in the center console. A reasonable jury could infer the armrest-console methamphetamine belonged to Mendez when he had a smaller quantity in his pocket, his phone was found in the same location, he had possession and control of the vehicle, and he was under the influence while none of the passengers had drugs on them and were not under the influence of drugs. The jury could infer an intent to deliver from the presence of small individual baggies with the methamphetamine, the large amount of methamphetamine in the car, and the amount of cash found on Mendez. We find substantial evidence supports the jury's verdict on possession with intent to deliver.

The conviction for violation of tax stamp rises and falls with the conviction relating to the methamphetamine in the center console. Because we find Mendez had constructive possession of the center console drugs, we affirm his conviction relating to the drug tax stamp.

**B.     Criminal gang participation.** Mendez claims that although he had been friends with gang members in high school, he never joined the gang and had stopped spending time with them after being shot and a cousin's deportation. However, at least one of the passengers admitted to being part of the gang, all three passengers wore the gang's color, and a bandana in the gang's color was

found by Mendez's seat, showing Mendez's continued association with gang members. Mendez and the two male passengers all had tattoos associated with the criminal gang and its affiliates. Mendez communicated telephonically with known gang members while in custody before trial. He knowingly transported in town an assault rifle, which he testified belonged to an admitted gang member. Viewed in the light most favorable to the State, substantial evidence supports the jury's verdict on criminal gang participation.

**C.** **Carrying weapons and firearm enhancement.** For the carrying weapons charge, the State was required to prove Mendez, "within the limits of any city, [went] armed with . . . any loaded firearm of any kind." *See* Iowa Code § 724.4(1). For purposes of the statute, going armed includes "when an occupant of a vehicle consciously and deliberately keeps . . . any loaded firearm where it is readily accessible." *State v. Alexander*, 322 N.W.2d 71, 72 (Iowa 1982). If a firearm is not in the defendant's exclusive possession, knowledge of the weapon and control over it must be established by proof. *Reed*, 875 N.W.2d at 708.

Similarly, the firearm enhancement for a controlled-substances offense requires the person be "in the immediate possession or control of a firearm" while participating in the controlled substances violation. We have found Mendez's conviction of possession with intent to deliver to be supported by substantial evidence. Immediate possession means actual possession on the person, while immediate control may be established by close proximity to the firearm allowing immediate dominion over it. *State v. McDowell*, 622 N.W.2d 305, 307 (Iowa 2001). In either immediate possession or immediate control, the defendant must have had

knowledge of the presence of the firearm. *Id.* The firearm was not found on Mendez, making this an immediate-control case.

Mendez testified he saw his cousin, who sat in the passenger seat, bring the firearm into the vehicle over Mendez's objections, establishing his knowledge of the presence of the weapon in the vehicle. His cousin told law enforcement the firearm was in the vehicle when he entered. The firearm, an assault rifle, was muzzle down in the passenger seat immediately next to the center console. Either the driver or the passenger could easily reach the firearm. The State established close proximity to the firearm allowing immediate dominion over it, as well as evidence of control by Mendez. Viewed in the light most favorable to the State, we find substantial evidence supports the jury's verdict on the carrying weapons charge and supporting the firearm enhancement to the possession charge.

We find a rational trier of fact could conceivably find Mendez guilty beyond a reasonable doubt of all offenses.

**AFFIRMED.**