# IN THE COURT OF APPEALS OF IOWA

No. 18-2198
Filed April 15, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DANTRELL AKEEM JACOBBIE MATTHEWS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.

Dantrell Matthews appeals his convictions of carrying weapons and criminal gang participation. **REVERSED AND REMANDED FOR NEW TRIAL.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga and Sharon K. Hall, Assistant Attorneys General, for appellee.

Heard by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

Dantrell Matthews appeals his convictions of carrying weapons, in violation of Iowa Code section 724.4 (2017), and criminal gang participation, in violation of Iowa Code sections 723A.1 and .2. Matthews argues there was insufficient evidence to support conviction on both charges and his counsel was ineffective in failing to challenge (1) specific elements of both charges and (2) an allegedly improper jury instruction.

## I. Background Facts and Proceedings

On May 19, 2017, Matthews was arrested with five other men following a report of a burglary in progress at an abandoned home in Des Moines. One man was arrested at the scene while others temporarily evaded the investigating officer by jumping out the windows of the home. The other men, including Matthews, were found at separate locations in the surrounding neighborhood. Officer Betts detained Matthews, searched him for weapons, and found none. Matthews was then transported to the scene, where a second search produced more than $900.00 in cash. Police located three firearms in one bedroom and five cell phones scattered throughout the home.

Matthews provided multiple statements to law enforcement. At the scene, Matthews stated he was standing in front of the home smoking marijuana when the officer arrived and he then ran away. He reported he was at the home to visit friends and retrieve his phone from a cousin. Matthews also stated the cash was from a disability check. Later, during an interview, Matthews stated he was at the home to retrieve his phone from a friend named Mikey. When speaking to a

different officer days later, Matthews indicated the cash belonged to himself and a girlfriend.

Trial was held in May 2018. The State's evidence included photos of the abandoned home taken immediately following the incident leading to arrest and social media posts. The photos showed three guns strewn on the floor. Social media evidence included still images and a video showing Matthews handling what appeared to be firearms. There was also a music video showing Matthews physically present with some of the other men arrested and known gang members. Police officers also testified to their interactions with and knowledge of gang culture and activity in the Des Moines area. Matthews was convicted of both carrying weapons and criminal gang participation. He appeals both convictions.

## II.    Standard of Review

On the sufficiency-of-the-evidence claim, our review is for correction of errors at law. *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017) (citing *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012)). Evidence is viewed "in the light most favorable to the State." *Id.* (quoting *State v. Keopasaeuth*, 645 N.W.2d 637, 640 (Iowa 2002)). Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "We give weight to the lower court's findings concerning witness credibility." *Id.*

## III.   Analysis

### A.    Sufficiency of the Evidence

Matthews argues insufficient evidence was presented to support convictions of both carrying weapons and criminal gang participation. He argues

there was insufficient evidence regarding the possession element of carrying weapons.

In order to find Matthews guilty of carrying weapons, the jury was instructed the State must prove both that "(1) On or about May 19, 2017, the defendant or someone he aided and abetted was armed with a pistol, revolver, or loaded firearm" and "(2) The defendant or someone he aided and abetted was within the city limits of Des Moines, Iowa." The jury instructions defined "armed with" to mean "the Defendant was aware of the weapon and it was in a place where it was readily accessible to the Defendant." Carrying a weapon requires proof he actually or constructively possessed the gun. *See State v. Thompson*, 2013 WL 6686624, at *3 (Iowa Ct. App. Dec. 18, 2013). The marshalling instruction did not include a "going" element, which our supreme court has explained "necessarily implicates proof of movement" of the weapon. *State v. Harris*, 891 N.W.2d 182, 186 (Iowa 2017). Matthews's counsel failed to object to the omission, meaning the errant instruction became the law of the case. *State v. Ondayog*, 722 N.W.2d 778, 783–84 (Iowa 2006) (noting law of the case does not apply to ineffective-assistance claims). Matthews asserts he did not possess a firearm as a principal or an aider and abettor.

The jury was also instructed that in order to find Matthews guilty of criminal gang participation, the State was required to prove that

> (1) On or about May 19, 2017, the defendant or someone he aided and abetted actively participated in or was a member of a criminal street gang as defined in Instruction No. 22.
> (2) On that date, the defendant or someone he aided and abetted committed the criminal act of Carrying Weapons as defined in Instruction No. 18.

(3) The criminal act was committed for the benefit of, at the direction of, or in association with that gang.

The jury was also instructed on the definition of a "criminal street gang." In his challenge to the criminal-gang-participation conviction, Matthews argues only that the element requiring that a criminal act had occurred was not supported by sufficient evidence.

The jury was instructed:

"Direct evidence" is the testimony of one who claims actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Our supreme court has distinguished between actual and constructive possession of both drugs and firearms, applying the same legal principles to both types of contraband. *See State v. Reed*, 875 N.W.2d 693, 705 (Iowa 2016). "A defendant has actual possession of the [contraband] if he or she has 'direct physical control' over the [contraband]. Possession is constructive where the defendant has knowledge of the presence of the [contraband] 'and has the authority or right to maintain control of [the contraband]." *State v. Cashen*, 666 N.W.2d 566, 569 (Iowa 2003) (quoting *State v. Maghee*, 573 N.W.2d 1, 10 (Iowa 1997)).

"The existence of constructive possession turns on the peculiar facts of each case." *State v. Webb*, 648 N.W.2d 72, 79 (Iowa 2002) (citation omitted). While physical proximity may be factually important, it is not alone sufficient to show a defendant exercised control or dominion over contraband. *Reed*, 875 N.W.2d at 705–06. When contraband is found in jointly-occupied structures, courts

consider a number of factors to determine whether it was constructively possessed. *Id.* at 706. These factors include: "(1) incriminating statements made by a person; (2) incriminating actions of the person upon the police's discovery of [contraband] among or near the person's personal belongings; (3) the person's fingerprints on the packages containing the [contraband]; and (4) any other circumstances linking the person to the [contraband]." *Id.* (quoting *State v. Kern*, 831 N.W.2d 149, 161 (Iowa 2013)). The open language of the fourth factor allows courts to consider "other relevant circumstantial or direct evidence." *Id.* (citing *State v. DeWitt*, 811 N.W.2d 460, 175 (Iowa 2012)). "The evidence of guilt must generate more than mere suspicion, speculation, or conjecture." *Id.* (quoting *DeWitt*, 811 N.W.2d at 475). Proof may be by direct evidence, circumstantial evidence, or a combination. *Harris*, 891 N.W.2d at 186.

In this case, the guns were found in an abandoned home. When Matthews was stopped for questioning, he was walking between houses in a residential area rather than on sidewalks. Matthews was accompanied by a member of the gang who had a prior firearms conviction. Matthews was identified by the responding officer as one of the men exiting through the window and running from the home.

Matthews's statements regarding the incident changed over time. He consistently said he was standing outside the abandoned home and ran because the responding officer "spooked" him. Matthews also consistently said he was at the home to retrieve his cell phone. However, Matthews first said an unidentified cousin had the phone and later said a friend named Mikey had it. He always said the phone was inside the home. Matthews did not have any firearms on his person when searched. Social media evidence showed Matthews had, at some time,

been photographed and featured in a rap music video holding a firearm and in the presence of men known to be members of the Heavy Hittas gang. Altogether, six men known to be members of Heavy Hittas were apprehended as a result of a search of the area around the house. Police testimony established that the rap music video uses language referencing known gang members and slang. Police testimony also described how gangs pool limited resources, including guns, among members and keep them stored for access and security purposes.

In order to find Matthews guilty, the jury was required to find the State proved beyond a reasonable doubt the elements of each offense. The district court instructed the jury:

> A reasonable doubt is one that fairly and naturally arises from the evidence or lack of evidence produced by the State.
> If, after a full and fair consideration of all the evidence, you are firmly convinced of the defendant's guilt, then you have no reasonable doubt and you should find the defendant guilty.
> But if, after a full and fair consideration of all the evidence or lack of evidence produced by the State, you are not firmly convinced of the defendant's guilt, then you have a reasonable doubt and you should find the defendant not guilty.

"We review the evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the evidence in the record." *Webb*, 648 N.W.2d at 76. Viewing the evidence in the light most favorable to the State and the verdict, a reasonable jury could have concluded a combination of direct and circumstantial evidence supported finding Matthews actively participated in the Heavy Hittas gang; that either he or someone he aided and abetted committed the act of carrying weapons by being in actual or constructive possession of one or more of the guns; that the act of carrying weapons was for the benefit of, at the direction of, or in association with

the gang; and that he or someone he aided and abetted was guilty of carrying weapons in the city of Des Moines, Iowa. We find the evidence was sufficient to support both convictions.

B. Ineffective Assistance of Counsel

Matthews argues his trial counsel was ineffective in failing to challenge the sufficiency of the evidence supporting the "going" element of carrying weapons and the jury instructions omitting "going" and improperly defining "armed."[1] The State contends neither breach of duty nor prejudice has resulted from counsel's alleged errors. In order to evaluate the sufficiency-of-the-evidence claim we must first determine whether the jury was properly instructed on the applicable law.

"In order to support a claim of ineffective assistance of counsel, a defendant must show (1) that counsel failed to perform an essential duty and (2) that prejudice resulted." *Kuhse*, 937 N.W.2d at 627 (citations omitted). The breach-of-duty prong may be satisfied by showing counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). In deciding the prejudice prong, we must ask whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694). We will not find trial counsel

---

[1] The State argues this court should not consider the ineffective-assistance claims on direct appeal. Our supreme court recently held ineffective-assistance claims may be heard on direct appeal if judgment and sentence were entered before July 1, 2019. *State v. Kuhse*, 937 N.W.2d 622, 627 (Iowa 2020). Thus, we will consider the claims.

ineffective for failing to pursue a meritless issue. *Harris*, 891 N.W.2d at 186 (citing *State v. McPhillips*, 580 N.W.2d 748, 754 (Iowa 1998)).

Iowa Code section 724.4(1) provides:

> [A] person who goes armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not, or who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor.

The section presents three ways in which a person may violate the law. The relevant phrase in this case is "who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind." Iowa Code § 724.4(1). In *State v. Alexander*, our supreme court listed the elements of "going armed in a city." 322 N.W.2d 71, 72 (Iowa 1982). Alexander was charged pursuant to the same Iowa Code section as Matthews, and the relevant statutory language has not changed. *See id.* at 71. The elements listed were "(1) being within the limits of a city, (2) going armed, and (3) a pistol, revolver, or any loaded firearm." *Id.* at 72.

The "going armed" or "goes armed" element requires proof of movement. *Harris*, 891 N.W.2d at 186. Proof of movement can be satisfied by circumstantial evidence. *Id.* at 186–87. After a verbal conflict inside a bar, Harris, walked outside, leaned against a building, and, a few minutes later, a physical altercation ensued during which Harris used a knife to stab the victim. *Id.* at 183. Our supreme court determined a reasonable fact finder could find circumstantial evidence Harris carried the knife as he moved from inside the bar to outside where he used it during attacking the victim, thus satisfying the "going" element. *Id.* at 186–87. The evidence showed Harris had a knife, stabbed the victim with a knife, and the

circumstances were such that a reasonable jury could have concluded he possessed the knife at the time he moved (i.e., was "going") from the bar to outside the bar. *Id.*

Jury instructions need not directly quote statutory language but "must be a correct statement of the law." *State v. Schuler*, 774 N.W.2d 294, 298 (Iowa 2009). Our supreme court has found a jury instruction that fails to instruct on all elements required for conviction is defective. *Id.* at 299. Trial counsel's failure to object to jury instructions that improperly instruct the jury on the applicable law is error. *Harris*, 891 N.W.2d at 187–88.

In the case at bar, the marshaling instruction informed the jury the crime of carrying weapons had only two elements: "(1) On or about May 19, 2017, the defendant or someone he aided and abetted was armed with a pistol, revolver, or loaded firearm" and "(2) The defendant or someone he aided and abetted was within the city limits of Des Moines, Iowa." That instruction omitted any reference to the requirement that it must be proved a defendant was "going armed" or "goes armed" in compliance with *Alexander*. *Id.* The record in this case is clear that the jury was not required to find Matthews engaged in any physical movement while in possession of or aiding and abetting another in possession of a firearm through any instruction. Because counsel failed to object to the omission of the "going" element in the marshalling instruction, we find counsel breached an essential duty. *Id.* Our confidence in the guilty verdict is undermined because the jury found Matthews guilty without being required to find whether his conduct satisfied the "going" element. *See id.* at 188–89. Accordingly, prejudice has resulted. *Id.* As both prongs of the ineffective-assistance test are satisfied, Matthews's trial counsel

was ineffective in failing to object to instruction 18 for omitting the element "going."[2] *See Kuhse*, 937 N.W.2d at 627 (citations omitted).

Matthews also raises an ineffective-assistance claim based on trial counsel's failure to challenge the sufficiency of the evidence presented on "going" in the motion for judgment of acquittal.[3] Our supreme court held the "going" element was satisfied in *Harris* when "a reasonable fact finder could find from the circumstantial evidence that Harris must have carried the knife as he left the bar because it is unlikely that he gained possession of it while leaning against the wall outside." *Harris*, 891 N.W.2d at 187. From *Harris*, it is apparent that the movement need not be a great distance, but that some actual movement is necessary. *See id.* But *Harris* also clearly recognized a jury could find the "going" element satisfied by circumstantial evidence. *Id.* at 186. Although there is no direct evidence Matthews or anyone else from the house ever physically moved any of the guns, the guns did not put themselves in the house. A review of the evidence shows there were three handguns on the floor of the abandoned home, laid haphazardly under circumstances that looked like they were dropped or tossed rather than stored or hidden in a planned fashion. The six men who were apprehended had all been on that first floor of the home immediately before dispersing and running away when the investigating officer arrived. As noted above, a reasonable jury

---

[2] Because we find the jury-instruction claim dispositive solely on the omission of "going" from the marshaling instruction, we choose to not address the definition of "armed."

[3] We choose to address this claim in the present appeal because if we were to find the evidence insufficient, the remedy would be judgment of acquittal and there would be no retrial.

could conclude Matthews or someone he aided and abetted was in possession—actual or constructive—of one or more of those guns.

So, the critical question is whether the circumstances could support a finding beyond a reasonable doubt that Matthews or one of the gang members moved the guns to the house. While speculation cannot support a finding of guilt beyond a reasonable doubt, an evaluation of the strength of circumstantial evidence can involve ruling out unlikely possible explanations for existing circumstances. Among the reasonable alternatives as to how the guns ended up in the house for law enforcement to discover are: (1) Matthews or one or more of the gang members in the house with him moved the guns into the house on that occasion or at some earlier time; or (2) the guns were moved into the house and left there by someone other than the gang members and then also were left there by the gang members who fled the house when the first officer arrived. Given those alternatives, and perhaps other possible scenarios, when contrasted with the State's theory the gang members moved the guns to the house as part of their operations and the circumstantial evidence in support of that theory, we determine the evidence was sufficient to generate a jury question and a reasonable jury could have found Matthews guilty beyond a reasonable doubt of aiding and abetting movement of the guns while in the city limits of Des Moines.

We choose to decide this claim on the prejudice prong. *See Kuhse*, 937 N.W.2d at 631. We conclude Matthews was not prejudiced by counsel's failure to argue in the motion for judgment of acquittal that the evidence of "going" was insufficient to support a jury finding of guilt beyond a reasonable doubt. Therefore, counsel was not ineffective, and this claim fails.

**IV.**    **Conclusion**

On our review of the record, we find sufficient evidence was presented to convict Matthews of both carrying weapons and criminal gang participation. Counsel was ineffective for failing to request a "going" element in the jury instructions.  The remedy for a successful ineffective-assistance claim resulting from an errant jury instruction is a new trial on both counts using correct instructions.  *Harris*, 891 N.W.2d at 189.  Counsel was not ineffective for failure to argue in the motion for judgment of acquittal that the evidence of "going" was insufficient to support a jury finding of guilt beyond a reasonable doubt.

**REVERSED AND REMANDED FOR NEW TRIAL.**